IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN S. WHITE, | No. C 05-02080 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** |
| v. | |
| E-LOAN, INC., et al., | |
| Defendants. | |

On January 13, 2006, the Court heard argument on defendant E-Loan, Inc.'s motion for partial judgment on the pleadings. Having considered the papers and the arguments of counsel, and for good cause appearing, the Court GRANTS E-Loan's motion and DISMISSES plaintiff's second, fourth, and sixth causes of action.

**BACKGROUND**

In early 2005, plaintiff, John S. White, received a standardized written solicitation from defendant, E-Loan, Inc. Compl. at ¶ 32, Exh. A. The solicitation states that White has been "pre-qualified" to refinance or consolidate his debt, and encourages him to contact E-Loan to see "how much money you could be saving every month." Compl., Exh. A. On the reverse side, in small print, the solicitation states that White has pre-qualified for a first mortgage refinance loan of "up to $25,000," but adds that "the availability and amount of your loan depends on the value of your property, your income and other conditions." Compl., Exh. B.

On May 20, 2005, White filed this suit, a purported class action, claiming that E-Loan's solicitation violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681-1681x, and seeking

statutory and punitive damages, as well as declaratory and injunctive relief. White's complaint alleges that E-Loan's solicitation did not constitute a "firm offer of credit" as required by 15 U.S.C. § 1681b. It also alleges that the solicitation's disclosures were inadequate because they failed to comply with the requirement of 15 U.S.C. § 1681m(d) that such disclosures be clear and conspicuous.

On October 28, 2005, E-Loan moved for partial judgement on the pleadings with respect to the latter charge. For the following reasons, the Court GRANTS E-Loan's motion.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." Fed. R. Civ. P. 12(c). "A judgment on the pleadings is properly granted where, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Milne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005) (internal quotation marks omitted).

## DISCUSSION

The meaning of a single word – "section" – controls whether or not plaintiff's claims under 15 U.S.C. § 1681m(d) can go forward.[1] Defendant's position, that "section" means § 1681m in its entirety,

---

[1] 15 U.S.C. § 1681m(d)(1) requires that a "clear and conspicuous" disclosure be provided certain written solicitations. The section provides in full:

> (1) In general.--Any person who uses a consumer report on any consumer in connection with any credit or insurance transaction that is not initiated by the consumer, that is provided to that person under section 1681b(c)(1)(B) of this title, shall provide with each written solicitation made to the consumer regarding the transaction a clear and conspicuous statement that--
>
> (A) information contained in the consumer's consumer report was used in connection with the transaction;
>
> (B) the consumer received the offer of credit or insurance because the consumer satisfied the criteria for credit worthiness or insurability under which the consumer was selected for the offer;
>
> (C) if applicable, the credit or insurance may not be extended if, after the consumer responds to the offer, the consumer does not meet the criteria used to select the consumer for the offer or any applicable criteria bearing on credit worthiness or insurability or does

2

would remove § 1681m(d) from the civil enforcement provisions of the FCRA; plaintiff's position, that "section" is limited to § 1681m(h), would not. The parties have submitted substantial briefing over the meaning of this single word. The Court agrees with defendant that the plain meaning of "section" is "section 1681m." Accordingly, the Court GRANTS defendant's motion.

15 U.S.C. § 1681n and 15 U.S.C. § 1681o impose civil liability on any person who wilfully or negligently fails to comply with the requirements of the FCRA. In 2003, Congress passed an amendment to the FCRA, now codified at 15 U.S.C. § 1681m(h), which reads in part, "Sections 1681n and 1681o of this title shall not apply to any failure by any person to comply with this section." 15 U.S.C. § 1681m(h)(8)(A).[2] Defendant argues that "section" at the end of § 1681m(h)(8)(A) means "section 1681m," and that plaintiff's claims under § 1681m(d) are therefore barred. Plaintiff argues that "section" means "section 1681m(h)," and that his claims should therefore be allowed to proceed. Both courts that have considered the issue have found that "section" refers to § 1681m in its entirety.[3] *See, e.g.*, *Phillips v. New Century Fin. Corp.*, No. 05-00851 (C.D. Cal. Dec. 9, 2005); *Murray v. Am. Int'l Group*, Case No. 05 C 3881 (N.D. Ill. Dec. 23, 2005).

As the Supreme Court recently discussed, Congress follows a convention when it uses organizational terms in statutes. A "section" is broken down into subparts as follows: "subsections," which begin with "(a)"; "paragraphs," which begin with "(1)"; "subparagraphs," which begin with "(A)"; and "clauses," which begin with "(i)." *See Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, --, 125 S. Ct. 460, 467 (2004) (citing House Legislative Counsel's Manual on Drafting Style and

---

   not furnish any required collateral;

   (D) the consumer has a right to prohibit information contained in the consumer's file with any consumer reporting agency from being used in connection with any credit or insurance transaction that is not initiated by the consumer; and

   (E) the consumer may exercise the right referred to in subparagraph (D) by notifying a notification system established under section 1681b(e) of this title.

   [2]15 U.S.C. § 1681m(h)(7), enacted at the same time as § 1681(h)(8), is also relevant to plaintiff's claim. It provides that "[a] person shall not be liable for failure to perform the duties required by this section if, at the time of the failure, the person maintained reasonable policies and procedures to comply with *this section*." 15 U.S.C. § 1681m(h)(7).

   [3]According to the parties, these two courts have considered this issue eleven total times to date.

3

Senate Office of the Legislative Counsel's Legislative Drafting Manual). Thus, according to this convention, if "section" in 1681m(h)(8) was intended to refer only to 1681m(h), the proper word would have been "subsection."

Plaintiff tries to avoid the meaning that Congress has placed upon these terms through a number of different arguments, but none are convincing. Plaintiff's overarching theory is that the word "section" appears at the end of § 1681m(h)(8)(A) because of a scrivener's error attributable to the fact that § 1681m(h) was enacted as Section 311 of the Fair and Accurate Credit Transaction Act ("FACTA"), Pub. L. No. 108-159, 117 Stat. 1952 (Dec. 4, 2003). According to plaintiff, § 311 was enacted to address a loophole in the FCRA known as the "counter-offer exception."[4] Plaintiff argues that Congress intended to bar private actions to enforce § 311, which is why Congress provided in § 311 that any such actions "shall not apply to any failure by any person to comply with this section." Thus, plaintiff contends that Congress inadvertently used the word "section" to refer to § 311 where it should have used "subsection" to refer to § 1681m(h) in the FCRA.

Plaintiff supports his theory with a number of arguments based in both structure and policy. First, plaintiff argues that the hierarchical placement of § 1681m(h)(8) indicates that it should only apply to § 1681m(h). Under this argument, if § 1681m(h)(8) were to apply to § 1681m in its entirety then it should have been made a subsection – 1681m(i), for example – and not a paragraph. *See* Pl. Oppo. at 10 ("[A] satisfactorily arranged legal instrument is an ordered set of ordered sets in which there are subsets to the order *n* and in which each subset expresses a principle less significant than that expressed by its parent set or subset.") (quoting Reed Dickerson, *The Fundamentals of Legal Drafting* at 84 (2d ed. 1986)). Second, plaintiff argues that interpreting "section" to mean § 1681m would make 15 U.S.C. § 1681s-2(c)(3) and 15 U.S.C. § 1681m(h)(7) surplusage. The former provision states that § 1681n and § 1681o do not apply to violations of § 1681m(e). The latter protects from liability those who maintain

---

[4]According to plaintiff, the counter-offer exception allowed a company to avoid notifying consumers that it had taken an action adverse to the consumer's interests based on the consumer's credit report. Ordinarily, a company would required to notify the consumer of such adverse action. *See* 15 U.S.C. § 1691(d)(2). Plaintiff contends that some courts held that if the consumer accepted a credit counter-offer from the company, even on less favorable terms than the original offer, then the company would not have to report the adverse action.

4

1 "reasonable policies and procedures to comply with *this section*." 15 U.S.C. § 1681m(h)(7).[5]

2 As to plaintiff's policy arguments, he first argues that FCRA is a remedial statute that should be afforded a broad interpretation. Further, he points to statements by FACTA's congressional sponsors that the bill would increase the rights and protections of consumers. In addition, he argues that barring private actions under § 1681m would be a major policy shift, and questions whether such a shift would be performed without some mention in the legislative history. Finally, plaintiff argues that FTC protection is limited to cease and desist orders and civil actions, and would not provide any meaningful recourse for consumers whose rights were violated.

9 The Court does not find plaintiff's arguments convincing. As an initial matter, throughout § 311 Congress consistently used the term "subsection" when it intended to refer to § 1681m(h). *See* FACTA § 311; *see also* 15 U.S.C. §§ 1681m(h)(1) ("within this subsection"); 1681m(h)(3) ("No notice shall be required from a person under this subsection if. . . ."); 1681m(h)(4) ("under this subsection"); 1681m(h)(5) ("A notice under this subsection shall . . . ."). That Congress was able to say "subsection" when it meant "subsection" in FACTA § 311 undermines plaintiff's contention that the use of "section" in § 1681m(h)(8) was a scrivener's error.

16 While plaintiff's structural arguments raise valid criticisms of § 1681m(h)(8), they are not sufficient to change this Court's mind. *See Lamie v. U.S. Trustee*, 540 U.S. 526, 536 (2004) ("Where there are two ways to read the text -- either attorney is surplusage, in which case the text is plain; or attorney is nonsurplusage . . . , in which case the text is ambiguous -- applying the rule against surplusage is, absent other indications, inappropriate. We should prefer the plain meaning since that approach respects the words of Congress."). As an initial matter, the hierarchical placement of § 1681m(h)(8) may not be ideal, but in the Court's view it is preferable to have a less-than-ideal placement of the provision than a strained reading of the word "section." As for plaintiff's surplusage arguments, § 1681s-2(c)(3) entered into force eight months before § 1681m(h)(8). Thus, the two provisions are not totally redundant. In addition, § 1681m(h)(7) and § 1681m(c) are redundant no

---

[5]Plaintiff argues that the word "section" at the end of § 1681(h)(7) is further evidence that Congress intended to use the word "subsection" when it wrote "section" in FACTA § 311. If "section" in § 1681m(h)(7), which was enacted as part of FACTA § 311, is not interpreted to mean "subsection," then the provision is substantively identical to 15 U.S.C. § 1681m(c).

5

matter how "section" in § 1681(h)(7) is interpreted. Even if, as plaintiff advocates, "section" it is read to mean "subsection" in § 1681m(h)(7), § 1681m(h)(7) is still completely redundant with § 1681m(c), which protects those who maintain "reasonable policies and procedures" from the entirety of § 1681m, including § 1681m(h).

Nor is the Court convinced by plaintiff's policy arguments. It is only appropriate for this Court to consider plaintiff's legislative history arguments if the statutory text is ambiguous. *See Exxon Mobil Corp. v. Allapattah Serv.*, -- U.S. --,125 S. Ct. 2611, 2626 (2005) ("Extrinsic materials have a role in statutory interpretation only to the extent they shed a reliable light on the enacting Legislature's understanding of otherwise ambiguous terms."). But even if the Court were to disregard this rule of statutory interpretation, it would not find the legislative history particularly convincing. None of the materials plaintiff cites address the question before the Court. Moreover, the materials, which consist of two floor statements, press releases issued by congressional sponsors, and statements made by the White House, are not particularly reliable. All of these statements were made in very general terms, and the bulk of the statements were made after the law was signed. *Cf. Weinberger v. Rossi*, 456 U.S. 25, 102 S. Ct. 1510 (1982) ("[*P*]*ost hoc* statements of a congressional Committee are not entitled to much weight."). In light of this scant legislative history, the Court cannot find that "section" should take on anything but its ordinary meaning. Nor can the Court ascribe any significance to the congressional silence on the changes wrought by § 1681m(h)(8).

Finally, the Court also does not find the elimination of private enforcement of the rights created by § 1681m to be an absurd result. To be sure, it is unlikely that the FTC has the resources to guard the statutorily created rights at issue in this case with the same vigor as plaintiffs who have the lure of statutory damages driving their lawsuit. *Cf. Murray v. Cingular Wireless*, Case No. 05 C 1334 (N.D. Ill. Nov. 2, 2005) (documenting ten cases filed by the plaintiff under the FCRA during the prior year, and noting the plaintiff's wife had "her own extensive roster of FCRA cases"). But the rights created by the FCRA are not so fundamental that this Court can label the elimination of the ability to bring a civil suit for their violation "absurd."

The Court acknowledges that there is no way to perfectly reconcile the contents of § 1681m(h)(8) with the remainder of § 1681m. Plaintiffs may indeed be correct that the text of §

1681m(h)(8) is the result of a scrivener's error. But the language of the statute is clear, and it is not for this Court to rewrite the words that Congress has chosen. *See Lamie*, 540 U.S. at 542 ("If Congress enacted into law something different from what it intended, then it should amend the statute to conform it to its intent. It is beyond our province to rescue Congress from its drafting errors, and to provide for what we might think . . . is the preferred result.") (internal quotation marks omitted). Accordingly, the Court GRANTS defendant's motion for partial judgment on the pleadings.[6]

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion for partial judgment on the pleadings (Docket No. 29). Plaintiff's second, fourth, and sixth causes of action are DISMISSED.

Dated: January 13, 1006

SUSAN ILLSTON
United States District Judge

---

[6] Although neither party has addressed plaintiff's claim for declaratory and injunctive relief based upon defendant's alleged violation of § 1681m(d), the Court finds that judgment on the pleadings is also appropriate as to those claims. 15 U.S.C. § 1681m(h)(8) provides that "[t]his section shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials identified in that section." 15 U.S.C. § 1681m(h)(8)(B). Given this exclusive remedy provision, the Court finds that it lacks jurisdiction to grant plaintiff's request for declaratory or injunctive relief.