IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN S. WHITE, | No. C 05-02080 SI |
| Plaintiff, | **ORDER RE: BIFURCATION AND STAY OF DISCOVERY** |
| v. | |
| E-LOAN, INC., | |
| Defendant. | |

By letter brief dated August 23, 2006, defendant E-Loan, Inc. requests that the Court stay all discovery and motion practice regarding the willfulness of defendant's alleged violations of the Fair Credit Reporting Act ("FCRA") until after the Court has addressed the "threshold" issue of whether defendant violated the FCRA. For the reasons set forth below, the Court DENIES defendant's request.

**BACKGROUND**

In early 2005, plaintiff John S. White received a standardized written solicitation ("S501-A mailing") from defendant, E-Loan, Inc. Compl. at ¶ 32, Exh. A. The solicitation stated that White had been "pre-qualified" to refinance or consolidate his debt, and encouraged him to contact E-Loan to see "how much money you could be saving every month." Compl., Exh. A. On the reverse side, in small print, the solicitation stated that White had pre-qualified for a first mortgage refinance loan of "up to $25,000," but added that "the availability and amount of your loan depends on the value of your property, your income and other conditions." Compl., Exh. B.

On May 20, 2005, White filed this suit, a purported class action, claiming that E-Loan's solicitation violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681-1681x, and seeking

1 statutory and punitive damages, as well as declaratory and injunctive relief. White's complaint alleges
2 that E-Loan's solicitation did not constitute a "firm offer of credit" as required by 15 U.S.C. § 1681b,
3 and that this violation was "willful." He seeks statutory damages of $100 to $1000 for each member
4 of the class. *See* 15 U.S.C. § 1681n (imposing statutory damages of $100 to $1000 for willful violations
5 of the FCRA). On August 18, 2006, the Court granted plaintiff's motion to certify a 100,000 member
6 class, consisting of all consumers who received the S501-A mailing ("the White Mailing").

7 Defendant's motion to bifurcate discovery stems from subpoenas recently filed by plaintiff on
8 four third-party companies: TransUnion, ChoicePoint, Axciom, and Rauxa Direct. These companies
9 perform screening services for pre-screened offers of credit, such as those involved in this case. Plaintiff
10 seeks to depose these companies on a range of topics, primarily concerning their communications and
11 relationship with defendant, and their internal policies and procedures related to FCRA compliance.
12 *See* Def.'s Br. Exs. A-D.

13

### LEGAL STANDARD

15 Federal Rule of Civil Procedure 42(b) provides that "the court, in furtherance of convenience
16 or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order
17 a separate trial of any claim . . . or of any separate issue." Under Rule 42(b), it is implicit that the Court
18 also has the power to stay discovery on the bifurcated issues. *See Ellingson Timber Co. v. Great*
19 *Northern Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970). The decision to bifurcate is committed to the
20 sound discretion of the trial court. *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1517 (9th Cir. 1985).
21 Courts consider several factors in determining whether bifurcation is appropriate, including separability
22 of the issues, simplification of discovery and conservation of resources, prejudice to the parties, and the
23 suitability of bifurcating trial but not discovery. *Bates v. United Parcel Svc.*, 204 F.R.D. 440, 448 (N.D.
24 Cal. 2001); *F & G Scrolling Mouse L.L.C. v. IBM Corp.*, 190 F.R.D. 385, 387-392 (M.D.N.C. 1999);
25 *Kimberly-Clark Corp. v. James River Corp. of Va.*, 131 F.R.D. 607, 608 (N.D. Ga. 1989) ("the
26 paramount consideration must remain a fair and impartial trial to all litigants through a balance of
27 benefit and prejudice"). The party requesting bifurcation has the burden to prove that it is warranted
28 in that particular case. *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal.

1992).

Motions to stay discovery may be granted upon showing of good cause by the moving party or where "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c)(4); *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 285-86. (S.D. Cal. 2000). Generally, such motions are disfavored because discovery stays may interfere with judicial efficiency and cause unnecessary litigation in the future. *See Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Therefore, before a stay can be issued, the moving party must meet a "heavy burden of making a 'strong showing' why discovery should be denied . . . [by showing] a particular or specific need for the stay, as opposed to making stereotyped or conclusory statements." *See Skellerup v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995). Hence, in its wide discretion in controlling discovery, the court should balance the harm of staying damages discovery against the benefits of allowing it to proceed. *See GTE*, 192 F.R.D. at 289.

## DISCUSSION

Defendant argues that all motion practice and discovery related to the willfulness of defendant's violations, including these four third-party depositions, should be stayed until the Court has decided the "threshold" issue of whether the White Mailing was not a "firm offer of credit," and therefore violated 15 U.S.C. § 1681b. Defendant currently argues that the issue of whether the White Mailing was a "firm offer of credit" "can be determined from the face of the White Mailing." Def.'s Br. 1. If the Court finds that the White Mailing was a "firm offer of credit," and therefore did not violate § 1681b, willfulness will not be an issue. Defendant therefore argues that without a bifurcation of discovery, defendant will have to engage in discovery, including taking depositions around the country, "on an issue that may be moot." Def.'s Br. 3.

While bifurcation is desirable in some cases, the Court doubts that in this case discovery can be cleanly categorized as related to technical violation or willfulness, or that the "firm offer of credit" question can be answered satisfactorily by considering the White Mailing in isolation. The parties dispute both the definition of a "firm offer of credit" and which or how many documents will comprise such an offer. The third-party companies subpoenaed by plaintiff may have information, based on

3

industry practice, which is relevant to the Court's interpretation of the phrase, and its determination of whether the White Mailing violated § 1681b. Further, such violation-specific discovery will likely overlap with willfulness issues. Under these circumstances, bifurcation could lead to duplicative discovery requests to the same individuals or companies, resulting in the very waste of resources that bifurcation is intended to avoid.

Defendant's second rationale for bifurcating discovery is that discovery on the willfulness issue "raises sensitive attorney-client issues." Def's Br. 4. On the willfulness issue, defendant may elect to assert reliance on advice of counsel as a defense. *See Reynolds v. Hartford Fin. Servs. Group, Inc.*, 435 F.3d 1081, 1099 (9th Cir. 2006). In this circuit, doing so "constitutes waiver of the [attorney-client] privilege as to all other such communications on the same subject." *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981) (citing cases); *see also Mushroom Associates v. Monterey Mushrooms*, 24 U.S.P.Q.2d 1767, 1770 (N.D.Cal. 1992) (finding that where a defendant chooses to rely on advice of counsel in defending against allegations of willful patent infringement the defendant has "injected [its] counsel's advice as an issue in [the] litigation" and this "deliberate injection" of the advice of counsel constitutes a waiver of attorney-client privilege as to communications and documents relating to the advice); *Electro Scientific*, 175 F.R.D. at 543. Defendant thus contends that taking discovery on the willfulness issues will force defendant to decide whether to assert reliance on advice of counsel as a defense, and thereby partially waive attorney-client privilege. Defendant would prefer instead to defer this decision until after the Court has decided the violation issue.

Considering that defendant has yet to assert an advice of counsel defense, staying discovery on these grounds is premature. In any event, given the overlapping nature of the issues involved and the practical difficulties and inefficiencies of bifurcating discovery, such bifurcation is simply not judicially efficient. *See Calmar, Inc. v. Emson Research, Inc.*, 850 F. Supp. 861, 865-66 (C.D. Cal. 1994) (declining to bifurcate willfulness issues where defendant planned to assert an advice of counsel defense, and was concerned about waiving attorney-client privilege).

## CONCLUSION

Defendant has not met its burden of proving that bifurcation of issues and a stay of discovery

4

are necessary. As discussed, the proposed bifurcation and stay would likely result in time consuming disputes about which side of the violation/willfulness line a particular piece of evidence lies. Furthermore, denying the bifurcation and proceeding with discovery will serve to clarify the issues for the parties before trial and minimize delay, all of which benefit the parties.

For the foregoing reasons, the Court hereby DENIES E-Loan, Inc.'s request to defer recently served third party discovery and stay other discovery and briefing regarding the issue of willfulness (Docket No. 110).

**IT IS SO ORDERED.**

Dated: October 5, 2006

SUSAN ILLSTON
United States District Judge