# EXHIBIT A

**GAIL KILLEFER, ESQ.**
(California Bar No. 157248)
417 Montgomery Street, Suite 300
San Francisco, CA  94104
Telephone:  (415) 362-8640
Facsimile:  (415) 383-8545
Email:  gkillefer@aol.com

Terry Smiljanich
(Florida Bar No. 145359)
Jill Bowman
(Florida Bar No. 057304)
**JAMES HOYER NEWCOMER**
  **& SMILJANICH, P.A.**
4830 West Kennedy Boulevard, Suite 550
Tampa, FL  33609
Telephone:  (813) 286-4100
Facsimile:  (813) 286-4174

Douglas Bowdoin
(Florida Bar No. 310360)
(appearance pro hac vice)
**DOUGLAS BOWDOIN, P.A.**
255 South Orange Avenue, Suite 800
Orlando, FL  32801
Telephone:  (407) 422-0025
Facsimile:  (407) 843-2448

Attorneys for Plaintiffs

Lee Rubin
(California Bar No. 141331)
Rena Su-Ling Chng
(California Bar No. 209665)
**MAYER BROWN ROWE & MAW, LLP**
Two Palo Alto Square, Suite 300
Palo Alto, CA  94306
Telephone:  (650) 331-2000
Facsimile:  (650) 331-2060

Victoria R. Collado
James C. Schroeder
Jeffrey A. Berger
(appearances pro hac vice)
**MAYER BROWN ROWE & MAW, LLP**
71 South Wacker Drive
Chicago, IL  60606
Telephone:  (312) 782-0600
Facsimile:  (312) 701-7011

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN S. WHITE,<br>on behalf of himself and those<br>similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>E-LOAN, INC., and<br>DOES 1 through 10, inclusive,<br><br>Defendants.<br>_____ | ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.:  C 05-02080SI<br><br>**CLASS ACTION**<br><br>**SETTLEMENT AGREEMENT** |

This Settlement Agreement (the "Settlement Agreement" or "Agreement") is made and entered into as of November __, 2006, between (a) Plaintiff, John S. White, on behalf of himself and a Settlement Class (defined below), and (b) Defendant, E-Loan, Inc.

# RECITALS[1]

WHEREAS, on May 20, 2005, Plaintiff filed a lawsuit against Defendant in the United States District Court for the Northern District of California, captioned *John S. White v. E-Loan, Inc.*, Case No. C 05-02080SI (the "Action"), on behalf of himself and a putative nationwide class of allegedly similarly situated individuals, alleging that Defendant violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* (the "FCRA"), by obtaining consumer reports on them without a permissible purpose under the FCRA;

WHEREAS, on August 18, 2006, the Court entered an order certifying a class of:

All individuals throughout the United States whose consumer reports were obtained or used by E-Loan in connection with a credit transaction not initiated by them, and who received from E-Loan the S501-A mailing;

WHEREAS, Defendant has denied and continues to deny the material allegations in the Action, has denied and continues to deny any wrongdoing and any liability to Plaintiff or any Class Member, in any amount, in connection with the claims asserted in the Action; has denied that class certification is required or appropriate; and contends that it would prevail in the Action;

WHEREAS, Plaintiff maintains that he would prevail in the Action against Defendant on behalf of himself and the Settlement Class;

WHEREAS, Class Counsel conducted a thorough examination and evaluation of the relevant law and facts to assess the merits of the pending and potential claims in the Action, and conducted a further investigation to determine how to best serve the interests of the putative class in the Action, both before commencing the Action, as well as during the litigation of the Action and the negotiation of the Settlement provided for in this Agreement;

WHEREAS, Plaintiff, individually and on behalf of the Settlement Class, desires to settle all claims against Defendant within the scope of the Release set forth herein, having taken into account the risks, delay, and difficulties involved in establishing liability; the likelihood of recovery in excess of that offered by this Settlement Agreement; and the likelihood that the Action could be protracted and expensive;

WHEREAS, although Defendant denies any wrongdoing and any liability to Plaintiff and the Settlement Class whatsoever, Defendant believes that it is desirable and in its best interest to settle the Action in the manner and upon the terms and conditions provided for in this Settlement Agreement in order to avoid the further expense, inconvenience, disruption, and distraction of further litigation, and in order to put to rest the claims that have been asserted in the Action and those that are within the scope of the Release;

---

[1] Capitalized terms used in these Recitals shall, unless otherwise defined in the Recitals, have the meanings set forth in Section I of the Settlement Agreement.

WHEREAS, the issues before the Court are complex and, if fully litigated, would likely result in protracted litigation, appeals, and continued uncertainty as to any outcome;

WHEREAS, the Parties have had the opportunity to evaluate their respective positions on the merits of the Action;

WHEREAS, the award of attorneys' fees and costs for Class Counsel was not negotiated by Class Counsel and Defendant until after agreement was reached between the Parties on all other terms of the Settlement; and

WHEREAS, the Parties have agreed on all of the terms and conditions of this Settlement Agreement through an arm's-length negotiation between their respective counsel, with the assistance of a Court-appointed mediator.

NOW, THEREFORE, in consideration of the foregoing and the covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiff, individually and as representative of the Settlement Class, and Defendant agree, subject to the approval by the Court of the Settlement, as follows:

## I.  DEFINITIONS

In addition to the terms defined above, the following terms are used in this Settlement Agreement:

1.01    "Attorney Fee/Litigation Cost Award" means the award(s), if any, made to Class Counsel by the Court upon application pursuant to paragraphs 2.25 and 2.26 below.

1.02    "Claim Form" means the claim form contemplated by this Agreement, attached as Exhibit C.

1.03    "Class Brochure" means the brochure concerning the FCRA contemplated by this Agreement, attached as Exhibit D.

1.04    "Class Counsel" means Terry A. Smiljanich, Esq., and Jill H. Bowman, Esq., each of James, Hoyer, Newcomer & Smiljanich, P.A., Douglas Bowdoin, Esq., of Douglas Bowdoin, P.A., and J. Craig Bourne, Esq.

1.05    "Class Member" means a member of the Settlement Class.

1.06    "Class Notice" means the mailed notice of this Settlement that is contemplated by this Agreement, attached as Exhibit B.

1.07    "Counsel for the Defendant" means Victoria R. Collado, Esq., James C. Schroeder, Esq., Jeffrey A. Berger, Esq., Lee Rubin, Esq., and Rena Su-Ling Chng, Esq., of Mayer, Brown, Rowe & Maw, LLP.

1.08    "Court" means the Honorable Susan Illston, United States District Court for the Northern District of California, and/or such other judge of the same court to whom the Action may hereafter be assigned.

1.09    "Credit Report" means the information described in 15 U.S.C. § 1681g(a) that is provided by the Credit Vendor in the manner and pursuant to the conditions and terms discussed in this Agreement.

1.10    "Credit Score" means a FICO credit score (credit score developed by Fair Isaac Corporation) obtained from a consumer credit reporting agency.

1.11    "Credit Vendor" means a consumer reporting agency that is one of the three major credit bureaus selected by E-Loan to provide the Credit Report and Credit Score discussed in the Agreement.

1.12    "Defendant" means E-Loan, Inc.

1.13    "E-Loan" means E-Loan, Inc., together with all of its present and former parents, subsidiaries, predecessors, successors, assigns, affiliates, divisions, owners, shareholders, officers, directors, attorneys, insurers, vendors, accountants, agents (alleged or actual), representatives, and employees.

1.14    "Final Approval" means the last date on which all of the following have occurred:

(a)    The Court has issued all necessary orders under Federal Rule of Civil Procedure 23 approving of the Settlement in a manner substantially consistent with the terms and intent of this Settlement Agreement;

(b)    The Court enters a judgment (i) dismissing all claims in the Action with prejudice, and (ii) finally approving the settlement of the Action on the terms set forth in the Settlement Agreement, or, if the Court requires any change as a condition of approval, on terms that are not materially different from the terms set forth in the Settlement Agreement (a required change is material if it alters the Parties' substantive rights or obligations, financial or otherwise); and

(c)    Either:  (i) thirty-five (35) days have passed after entry of the Court's judgment finally approving the settlement of the Action in a manner substantially consistent with the terms and intent of this Settlement Agreement and within such time no appeal is taken after the Court's judgment and no motion or other pleading has been filed with the Court to set aside or in any way alter the judgment and/or orders of the Court finally approving of the Settlement, or (ii) all appellate, reconsideration, or other forms of review and potential review of the Court's orders and judgment finally approving the settlement of the Action are exhausted, or the time for such filing has expired, and the Court's orders and judgment are upheld, or not altered in a manner that is materially different from the terms of the Settlement Agreement, provided that any change or modification that may increase Defendant's liability or reduce the scope of the Release or of the Settlement Class shall prevent the occurrence of Final Approval.

1.15    "Final Approval Date" means the date upon which Final Approval occurs.

1.16    "Final Approval Order" means the order and judgment of the Court approving the Settlement in a manner materially consistent with the terms and intent of this Settlement Agreement, and dismissing all claims in the Action with prejudice.

1.17    "Party" means any one of Representative Plaintiff or Defendant individually, and "Parties" means Representative Plaintiff and Defendant, collectively.

1.18    "Plaintiff's Counsel" means Terry A. Smiljanich, Esq., and Jill H. Bowman, Esq., each of James, Hoyer, Newcomer & Smiljanich, P.A.; Douglas Bowdoin, Esq., of Douglas Bowdoin, P.A.; J. Craig Bourne, Esq., Gail Killefer, Esq., W. Roderick Bowdoin, Esq., and Steven M. Fahlgren, Esq., and any of their current and former owners, predecessors, successors, partners, shareholders, agents (alleged or actual), representatives, employees, and affiliates.

1.19    "Preliminary Approval" means the order or orders of the Court preliminarily approving the terms and conditions of this Agreement as contemplated by this Agreement.

1.20    "Preliminary Approval Order" means the Order contemplated by this Agreement and attached as Exhibit A

1.21    "Preliminary Approval Date" means the date on which the order or orders constituting Preliminary Approval are entered by the Court.

1.22    "Release" means the release set forth in paragraphs 4.01 and 4.02 of this Agreement.

1.23    "Released Persons" means all beneficiaries of the Release, as embodied in paragraphs 4.01 and 4.02 of this Agreement.

1.24    "Representative Plaintiff" or "Plaintiff" means John S. White.

1.25    "Settlement" means the proposed settlement of the Action under the terms and conditions of this Agreement.

1.26    "Settlement Administration Costs" means the costs of administering the Settlement provided for herein, including, but not limited to, the costs of mailing the Class Notice, Claim Form, and Class Brochure to the Class Members and providing the Settlement Benefit to Class Members who submit a Valid Claim Form.

1.27    "Settlement Administrator" means Defendant, or a bona fide person or entity in the business of class action settlement administration selected by Defendant.

1.28    "Settlement Benefit" means the Settlement Check, Credit Report, Credit Score, and Class Brochure.

1.29    "Settlement Check" means the check for twenty dollars ($20.00) to be provided to each Class Member who submits a Valid Claim Form.

1.30    "Settlement Class" means the approximately 200,000 individuals throughout the United States whose credit report information was obtained or used by E-Loan to send an S501-A or S501-B mailing in connection with a credit transaction not initiated by them.

1.31    "Settlement Website" means the Internet website concerning this Settlement created and maintained by Class Counsel pursuant to this Settlement.

1.32    "Successful Opt-Out" means any person or persons who, pursuant to paragraphs 2.07 and 2.08 and Federal Rule of Civil Procedure 23, timely and validly exercises his or her right to be excluded from the Settlement Class, but shall not include (a) persons whose requests for exclusion are successfully disputed by Defendant, (b) persons whose communication

is not treated as a request for exclusion pursuant to paragraph 2.07, and (c) persons whose requests for exclusion are not valid or are otherwise void pursuant to paragraph 2.07.

1.33    "S501-A" and "S501-B" are the pre-screened home mortgage loan mailings that E-Loan sent in early 2005, attached hereto as Exhibits E and F.

1.34    "Valid Claim Form" shall mean a Claim Form that:

(a)    is completed with respect to all required information in the Claim Form;

(b)    is executed under the penalty of perjury by the Class Member (or his or her legal representative);

(c)    is timely, as judged by the fact that it is postmarked by the deadline set by the Court; and

(d)    is not successfully challenged.  A Claim Form shall be treated as successfully challenged if Defendant establishes that it does not meet the criteria for a Valid Claim Form, or if any material statements contained thereon are false.

As used herein, the plural of any defined term includes the singular thereof and vice versa, except where the context requires otherwise.

## II.  SETTLEMENT PROCEDURES

A.    <u>Preliminary Approval</u>.

2.01    As soon as practical after the execution of this Settlement Agreement, Class Counsel shall move the Court for an order substantially in the form of Exhibit A ("Preliminary Approval Order") hereto (a) preliminarily approving the Settlement memorialized in this Settlement Agreement as fair, reasonable, and adequate, including the material terms of this Agreement; (b) provisionally approving the Settlement Class for settlement purposes only; (c) setting a date for a final approval hearing ("Court Approval Hearing"); (d) approving the proposed Class Notice, Claim Form, and Class Brochure in forms that are attached hereto as Exhibits B, C, and D, respectively, and authorizing the dissemination of the Class Notice, Claim Form, and Class Brochure to the Settlement Class; (e) approving the requirement that Class Members file a claim form in order to obtain the Settlement Benefit; (f) setting deadlines consistent with this Agreement for mailing of the Class Notice, Claim Form, and Class Brochure, the submission of Claim Forms, the filing of objections, the filing of motions to intervene, the submission of requests for exclusion from the Settlement Class, and the filing of papers in connection with the Court Approval Hearing; (g) conditionally designating the Representative Plaintiff as representative of the Settlement Class and Class Counsel as counsel for the Settlement Class; (h) preliminarily enjoining Class Members who have not excluded themselves from commencing any lawsuit asserting claims that were asserted or could have been asserted in the Action or claims within the scope of the Release of paragraphs 4.01 and 4.02 of the Settlement Agreement; and (i) prohibiting all notice or communication, whether by written correspondence, advertisements, Internet postings, or other media, to Class Members about the Settlement or its terms other than that specifically authorized by this Agreement or order of the Court.  Defendant shall not oppose the motion for entry of the Preliminary Approval Order.  The Parties and their counsel shall in good faith support the prompt entry of the Preliminary Approval Order.  Without implication of limitation, Defendant's agreement not to oppose the

Preliminary Approval Order shall not be an admission or concession by Defendant that a class was appropriate in the Action or would be appropriate in any other matter, and/or that injunctive relief was appropriate in the Action or would be appropriate in any other matter.

  B. <u>Administration</u>.

  2.02 In the event of Preliminary Approval, Defendant shall create a list of Class Members ("Class Member List") within ten (10) business days after (a) the Preliminary Approval Date or (b) December 11, 2006, whichever comes later, and shall provide a copy thereof to Class Counsel.  In preparing the Class Member List, Defendant shall use reasonable, good faith efforts to identify Class Members by their last known address used in connection with the S501-A and S501-B mailings.  After generating the Class Member List by reference to information obtainable from its readily searchable computer media, Defendant shall, at its own expense, obtain updates, if any, to the addresses contained therein using the National Change of Address ("NCOA") database maintained by the United States Postal Service ("Postal Service").

  2.03 Within twenty (20) business days after the completion of the Class Member List, the Settlement Administrator shall, at Defendant's expense, mail the Class Notice, Claim Form, and Class Brochure to the address for each Class Member on the Class Member List, as updated through the NCOA database.  The Parties may revise the Class Member Notice, Claim Form, and Class Brochure by agreement before mailing, and will work in good faith to reach an agreement as to the content.  The Settlement Administrator shall also have discretion to format, in a reasonable manner, the Class Notice and Claim Form before mailing with the consent of Class Counsel.

  2.04 The submission of a Valid Claim Form shall allow each eligible Class Member to receive by mail (a) a copy of the Class Member's Credit Report and Credit Score, and (b) the Settlement Check in the amount of twenty dollars ($20.00).  In order to receive a Credit Report and Credit Score, an eligible Class Member must, in the Claim Form he or she submits, under the penalty of perjury, (a) provide the Class Member's full name, address, date of birth, and social security number, and (b) execute the express, written authorization for the Credit Vendor to obtain and provide the Class Member's Credit Report and Credit Score to the Class Member in connection with this Settlement.  If any eligible Class Member fails to provide all of the information required by the Claim Form, and/or fails to execute the express, written authorization in the Claim Form for the Credit Vendor to obtain and provide his or her Credit Report and Credit Score in connection with the Settlement, then the Class Member shall be deemed to have waived all rights to receive a Credit Report and Credit Score under this Agreement.

  2.05 The Parties will recommend that the Court Approval Hearing be scheduled for a date at least forty-five (45) days after the mailing of the Class Notice, Claim Form, and Class Brochure.

  2.06 If any Class Notice is returned by the Postal Service as undeliverable, the Settlement Administrator shall re-mail the Class Notice, Claim Form, and Class Brochure to the forwarding address, if any, provided by the Postal Service on the face of the returned mail.  If the returned mail does not reflect a forwarding address, then the Settlement Administrator shall have no additional obligation to locate the Class Member or re-mail the Class Notice, Claim Form, and Class Brochure.  Other than as set forth above, the Settlement Administrator shall have no other obligation to re-mail Class Notices, Claim Forms, and Class Brochures unless requested by a Class Member.  Defendant shall have no other obligations of notice.  Class Counsel may, at its

own cost and expense, post a copy of the forms of Class Notice, Claim Form, and Class Brochure approved by the Court on the Settlement Website.

2.07    The Class Notice shall permit each Class Member to request exclusion from the Settlement Class and to request not to be bound by this Agreement, if, within such time as is ordered by the Court and contained in the Class Notice ("Opt-Out Period"), the Class Member completes and mails a request for exclusion ("Opt-Out") to the Settlement Administrator at the address set forth in the Class Notice. For a Class Member's Opt-Out to be valid and treated as a Successful Opt-Out, it must (a) state his or her full name, address, and telephone number; (b) contain the Class Member's original signature (conformed, reproduced, facsimile, or other non-original signatures are not valid); and (c) unequivocally state the Class Member's intent to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, or to waive all right to the benefits of the Settlement. At the expiration of the Opt-Out Period, Class Counsel, Counsel for the Defendant, and the Settlement Administrator shall create a comprehensive list of Successful Opt-Outs. The Parties shall, if possible, agree as to whether a communication from a Class Member is a request to opt-out, and shall inform the Court of their position at the Court Approval Hearing. Defendant or Class Counsel may dispute an Opt-Out or purported Opt-Out, including an attempt to opt-out as a group, aggregate, or class, and the presentation and resolution of such disputes shall be governed by the identical procedure set forth herein with respect to Disputed Claims. Any Class Member who does not submit a timely Opt-Out, or otherwise comply with all requirements for opting-out as may be contained in this Agreement, in the Class Notice, and otherwise as ordered by the Court, shall be bound by this Agreement, this Settlement, and the Release.

2.08    If a Class Member is a Successful Opt-Out, that Class Member shall be excluded from the Settlement, and shall not receive any benefits of the Settlement, including the Settlement Benefit, and will not be bound by the terms of this Settlement Agreement. No person shall purport to exercise any exclusion rights of any other person, or purport to opt-out other Class Members as a group, aggregate, or class involving more than one Class Member, or as an agent or representative. Any such purported opt-outs shall be void, and the Class Member(s) that is or are the subject of such purported opt-out shall be treated as a Class Member. Any Class Member who is a Successful Opt-Out shall have no standing to object to the Settlement and/or to intervene in the Action.

2.09    The Parties will recommend that the Opt-Out Period for submission of requests for exclusion from the Settlement Class be scheduled to end on a date thirty (30) days after the mailing of the Class Notice, Claim Form, and Class Brochure.

2.10    Any Class Member who is not a Successful Opt-Out and who wishes to object to the proposed Settlement must serve a written objection to the Settlement ("Objection") upon Class Counsel and Counsel for the Defendant, at the addresses set forth in the Class Notice, and file the Objection simultaneously with the Court. Each Objection must (a) set forth the Class Member's full name, current address, and telephone number; (b) contain the Class Member's original signature (conformed, reproduced, facsimile, or other non-original signatures will not be valid); (c) state that the Class Member objects to the Settlement, in whole or in part; (d) set forth a statement of the legal and factual basis for the objection; and (e) provide copies of any documents that the Class Member wishes to submit in support of his/her position. Any Class Member who does not submit a timely Objection in complete accordance with this Agreement, the Class Notice, and otherwise as ordered by the Court shall not be treated as having filed a valid Objection to the Settlement.

2.11    The Parties will recommend that all Objections must be filed with the Court and served upon Class Counsel and Counsel for the Defendant no fewer than twenty-one (21) days before the Court Approval Hearing.

2.12    Any Class Member who wishes to appear at the Court Approval Hearing, whether *pro se* or through counsel, must file a notice of appearance in the Action, take all other actions or make any additional filings as may be required in the Class Notice or as otherwise ordered by the Court, and serve the notice and other pleadings upon Class Counsel and Counsel for the Defendant as provided in the Class Notice and within the time set by the Court. No Class Member shall be permitted to raise matters at the Court Approval Hearing that the Class Member could have raised in an Objection, but failed to do so. Any Class Member who fails to comply with this Agreement, the Class Notice, and as otherwise ordered by the Court shall be barred from appearing at the Court Approval Hearing.

2.13    The Parties will recommend that any Class Member who wishes to appear at the Court Approval Hearing should be required to take each action required under paragraph 2.12 above at least twenty-one (21) days before the Court Approval Hearing.

2.14    Any Class Member who wishes to intervene in the Action must file a motion or application to do so with the Court, and contemporaneously serve it upon Class Counsel and Counsel for the Defendant, within the time set by the Court.

2.15    The Parties will recommend that all motions or applications to intervene should be filed with the Court and served upon Class Counsel and Counsel for the Defendant at least twenty-one (21) days before the Court Approval Hearing.

2.16    Unless the Court directs otherwise, the dates set forth in the Class Notice shall govern the rights of the Class Members.

2.17    The Class Notice shall provide that the Claim Form shall be returned to the Settlement Administrator postmarked by a deadline set by the Court. Only those Class Members who submit a Valid Claim Form and are not Successful Opt-Outs shall be entitled to receive the Settlement Benefit. If a Class Member submits a Valid Claim Form and is a Successful Opt-Out, he or she will be treated as a Successful Opt-Out and will not be entitled to receive the Settlement Benefit.

2.18    The Parties will recommend that the deadline for the return of Claim Forms to the Settlement Administrator should be no more than thirty (30) days after the date for the Court Approval Hearing originally set by the Court.

2.19    Within forty (40) days of the final date for postmarking of Claim Forms set by the Court, Defendant may challenge any claims that otherwise appear to meet the definition of Valid Claim Form, by any form of written notice to Class Counsel ("Disputed Claims"). Such notice of Disputed Claims shall summarize the basis for Defendant's challenge and shall be effective to void any Disputed Claim unless Class Counsel disputes the challenge, in good faith, and in writing to Counsel for the Defendant within ten (10) business days of the receipt of notice of Disputed Claims (or within such additional time as the Parties may agree or the Court may permit). The Court shall retain jurisdiction to resolve Disputed Claims. The Parties agree that any decision by Defendant not to dispute a Claim Form shall not be a waiver, determination, or preclusive finding against Defendant in any proceeding.

2.20    Administration of the Settlement shall be conducted by the Settlement Administrator.  Class Counsel shall have the right to audit, at their own expense and upon reasonable terms, the creation of the Class Member List and/or the disbursement of the Settlement Benefit to Class Members who submit a Valid Claim Form.

2.21    Defendant shall pay all Settlement Administration Costs, except as set forth herein and except that expenses or fees of Class Counsel shall not be borne by Defendant other than as provided in paragraphs 2.25 through 2.27 below.

2.22    For a period of one hundred twenty (120) days after the Final Approval Date, the Settlement Administrator shall maintain an address to receive (a) Claim Forms that are returned, whether valid or not, and (b) other inquiries with respect to the Settlement.  The Parties, Class Counsel, and the Settlement Administrator shall, subject to the provisions below and any order of the Court, have the right to respond to verbal inquiries initiated by individual Class Members concerning the Settlement at any time.

C.    Final Approval.

2.23    At the time appointed by the Court, Representative Plaintiff and Class Counsel will move the Court for entry of a Final Approval Order (i) finally approving the Settlement as fair, reasonable, and adequate; (ii) giving the terms of the Settlement final and complete effect; (iii) certifying the Settlement Class; (iv) finding that all requirements of statute, rule, and Constitution necessary to effectuate this Settlement have been met and satisfied; (v) finally appointing Plaintiff as Class Representative and Plaintiff's Counsel as Class Counsel and awarding such fees and expenses sought pursuant to paragraphs 2.25 and 2.26 of this Agreement as the Court deems just and reasonable; and (vi) otherwise entering final judgment of dismissal on the merits and with prejudice in the Action.  Defendant shall not oppose the motion for entry of a Final Approval Order.  The Parties and their counsel shall in good faith support the entry of the Final Approval Order.  Without implication of limitation, Defendant's recommendations, efforts, and actions in support of the entry of the Final Approval Order shall not be an admission or concession by Defendant that a class was appropriate in the Action or would be appropriate in any other matter, and/or that injunctive relief was appropriate in the Action or would be appropriate in any other matter.

2.24    The Final Approval Order, or a separate order, shall be entered providing that all Class Members (who are not Successful Opt-Outs), including Representative Plaintiff, and Plaintiff's Counsel shall be enjoined from commencing, prosecuting, or assisting in any lawsuit against the Released Persons that asserts or purports to assert claims released under the scope of the Release and judgment in the Action.  Nothing in this paragraph or the Final Approval Order shall be construed to limit or prevent Plaintiff's Counsel from commencing, prosecuting, or assisting in any lawsuit against the Released Persons that asserts claims other than those released by the Plaintiff and the Settlement Class under the scope of the Release and judgment in the Action.

2.25    Prior to the Court Approval Hearing, Representative Plaintiff and Class Counsel may, subject to the limitations set forth in paragraph 2.26 below, make written application to the Court for an award of attorneys' fees and litigation costs not to exceed, in the aggregate, seven hundred fifty thousand dollars ($750,000.00).  To the extent approved, such an award shall be made by separate order and be paid in addition to, and not out of, the Settlement Benefit available to Class Members.

2.26    Class Counsel agree that any application made pursuant to paragraph 2.25 above will not seek an amount, in the aggregate, in excess of seven hundred fifty thousand dollars ($750,000.00) in attorneys' fees and litigation costs.  Defendant shall not oppose any such application that does not exceed seven hundred fifty thousand dollars ($750,000.00).  Defendant will pay such attorneys' fees and litigation costs as may be awarded to Class Counsel by the Court up to a maximum of seven hundred fifty thousand dollars ($750,000.00).  In the event that the Court's collective Attorney Fee/Litigation Cost Award exceeds seven hundred fifty thousand dollars ($750,000.00), whether that amount is to be paid by Defendant or any other person or entity, or from Class Member distributions, Representative Plaintiff and Plaintiff's Counsel expressly disclaim any and all right to collect the amount awarded by the Court in excess of seven hundred fifty thousand dollars ($750,000.00) from any person or entity, including Defendant, and agree, upon demand, to execute a release of any person's or entity's obligations to pay such sums.

2.27    In the event that the Court denies, in whole or in part, any application made by Class Counsel pursuant to paragraphs 2.25 and 2.26 above, the remainder of the terms of this Agreement and of the Settlement shall remain in effect.

2.28    At the Court Approval Hearing, Class Counsel shall present sufficient evidence to support the entry of a Final Approval Order and shall present such evidence as they deem appropriate to support requests for an Attorney Fee/Litigation Cost Award.

### III.  SETTLEMENT PAYMENTS

3.01    The Settlement Benefit available to Class Members, as well as Defendant's payment of the Attorney Fee/Litigation Cost Award, if any, and the costs of administration of the Settlement, shall be the sole benefit in exchange for the Release and consideration for this Settlement.

3.02    Subject to the terms and conditions of the Agreement, within forty-five (45) days after the Final Approval Date, the Settlement Administrator shall mail or otherwise provide the Settlement Check to each Class Member:  (a) who is not a Successful Opt-Out; (b) who has returned a Valid Claim Form; and (c) with respect to whom a dispute does not remain outstanding regarding the validity of the Claim Form, at the address provided by the Class Member on a Valid Claim Form.  If a Class Member fails to provide an address on the Valid Claim Form, then the Settlement Administrator shall mail the Settlement Check to the Class Member at the address on the Class Member List.  All Settlement Checks issued pursuant to this paragraph shall be void if not negotiated within ninety (90) calendar days of their date of issue, and shall contain a legend to that effect.  Settlement Checks issued pursuant to this paragraph that are not negotiated within ninety (90) calendar days of their date of issue shall not be reissued.  Further, the value of all Settlement Checks issued pursuant to this paragraph that are unclaimed by Class Members, including all returned Settlement Checks and all Settlement Checks not negotiated within ninety (90) calendar days of their date of issue, shall be retained by Defendant.

3.03    Subject to the terms and conditions of this Agreement, within forty-five (45) days after the Final Approval Date, the Settlement Administrator shall (a) mail or otherwise provide to the Credit Vendor a copy of each Valid Claim Form from a Class Member meeting the requirements of paragraph 2.04 above for the receipt of a Credit Report and Credit Score; and (b) request that the Credit Vendor generate and mail directly to the Class Member a copy of his or

her current Credit Report and Credit Score.  Further, in the event that the Credit Vendor is unable to generate a Credit Report and Credit Score relating to a Class Member based upon the information provided in his or her Valid Claim Form and/or because such information does not meet the Credit Vendor's standard identity verification processes, the Credit Vendor shall (a) provide notice to that effect directly to the Class Member and allow the Class Member a reasonable opportunity to provide additional information directly to the Credit Vendor, and (b) if the Credit Vendor is then able to do so, to generate and mail directly to the Class Member a copy of his or her current Credit Report and Credit Score.  The Parties understand and agree that Credit Reports will be generated and mailed by the Credit Vendor to eligible Class Members at the mailing address on the Credit Vendor's credit file of the Class Member who is the subject of the Credit Report within the normal course of the Credit Vendor's business.  Defendant and the Settlement Administrator shall have no liability with respect to the generation, provision, content, and/or accuracy (or inaccuracy) of Credit Reports and Credit Scores, so long as the Settlement Administrator complies with its obligations under this paragraph.

3.04    No Class Member shall be entitled to the Settlement Benefit unless the Class Member submits a Valid Claim Form and is not a Successful Opt-Out.

3.05    No Class Member whose claim is disputed shall be entitled to receive a Settlement Benefit during the pendency of his/her Disputed Claim.  If the Disputed Claim is ultimately resolved favorably to the Class Member, then the Settlement Administrator shall, if applicable, distribute the Settlement Check and request the Credit Vendor to generate and provide a Credit Report and Credit Score to the Class Member within a reasonable time after such resolution.

3.06    Subject to the terms and conditions of this Agreement, within seven (7) business days after the Final Approval Date, and only in the event that the Court has made an Attorney Fee/Litigation Cost Award to Class Counsel, Defendant shall pay the amount of any Attorney Fee/Litigation Cost Award (up to a maximum of seven hundred fifty thousand dollars ($750,000.00)) to Class Counsel by wire transfer made payable to the "Trust Account of James, Hoyer, Newcomer & Smiljanich, P.A.," which payment will constitute full and complete compliance with Defendant's responsibility to pay the Attorney Fee/Litigation Cost Award.

3.07    The Settlement Administrator's and Defendant's respective obligations with respect to the distribution of the Settlement Benefit and the Attorney Fee/Litigation Cost Award shall be performed reasonably and in good faith.  So long as they do, (a) Defendant and the Settlement Administrator shall not be liable for erroneous, improper, or inaccurate distribution, other than to make or correct such distributions as the case may be, and (b) the Release (as embodied in paragraphs 4.01 and 4.02 of this Agreement) and any judgment shall be effective as of the Final Approval Date as to the Representative Plaintiff, Plaintiff's Counsel, and every Class Member notwithstanding any such error and regardless of whether such error is corrected only thereafter.

3.08    The Parties acknowledge and agree that Defendant would not have entered into this Agreement, and would not have provided benefits to the Settlement Class, if, among other things, it were not entitled to retain the proceeds or benefits of uncashed Settlement Checks.  The Parties further acknowledge and agree that the terms of this Agreement are more favorable to the Settlement Class because of these terms.

**IV.  RELEASE**

4.01    Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, Plaintiff and each Class Member who is not a Successful Opt-Out from the Settlement Class, and their respective heirs, executors, administrators, successors, representatives, attorneys, agents, and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government as parens patriae or bankruptcy trustees on behalf of estates), collectively, the "Class Releasing Parties", do hereby unconditionally and irrevocably remise, release, and discharge Defendant from and hereby irrevocably agree not to commence any judicial action against Defendant arising out of any and all claims, of whatever kind or character, direct or indirect, whether known or unknown or capable of being known as of the date hereof, whether existing now or to come into existence in the future, arising at law or in equity, by a right of action or otherwise, whether or not they were asserted or could have been asserted in the Action, which the Class Releasing Parties or any of them have, may have, or may come to have, individually or as members of a class, against Defendant based on, arising out of, or in any way relating or pertaining to (a) all claims that were asserted or attempted to be asserted in the Action in connection with Defendant's S501-A and S501-B mailings; (b) Defendant's accessing or obtaining of consumer credit reports or consumer credit information in connection with Defendant's S501-A and S501-B mailings; (c) Defendant's alleged failure to comply with the requirements of the FCRA relating to the accessing or obtaining of consumer credit reports and/or consumer credit information in connection with Defendant's S501-A and  S501-B mailings; (d) the contents of and any disclosure or non-disclosure in Defendant's S501-A and  S501-B mailings; and (e) the contents, failure of delivery, or misdelivery of any Class Member's Credit Report or Credit Score that may be obtained as part of this Settlement.  This Release shall be included as part of any judgment, so that all released claims and rights shall also be barred by principles of *res judicata*.  Nothing in this release shall be construed to release Defendant from any obligations under this Settlement Agreement.

4.02    In addition to the provisions of paragraph 4.01, the Class Releasing Parties hereby expressly agree that, upon Final Approval, each will waive and release any and all provisions, rights, and benefits conferred either (a) by Section 1542 of the California Civil Code, or (b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code, with respect to the claims released pursuant to paragraph 4.01.

Section 1542 of the California Civil Code reads:
Section 1542.  General Release, extent.  A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Whether a beneficiary of California law or otherwise, Representative Plaintiff and each of the Class Releasing Parties acknowledge that he or she may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of paragraph 4.01, but each of those individuals expressly agrees that, upon entry of the final judgment contemplated by this Settlement Agreement, he and she shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims released pursuant to paragraph 4.01, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

# V.  REPRESENTATIONS AND WARRANTIES

5.01    In addition to the provisions hereof, this Agreement and the Settlement shall be subject to the ordinary and customary judicial approval procedures under Federal Rule of Civil Procedure 23.  Until and unless this Agreement is dissolved or becomes null and void by its own terms, or unless otherwise ordered by the Court, or unless Final Approval is not achieved, Representative Plaintiff and Class Counsel represent and acknowledge to Defendant that they shall take all appropriate steps in the Action necessary to preserve the jurisdiction of the Court, use their [best efforts] to cause the Court to grant Preliminary Approval and Final Approval of this Agreement as promptly as possible, and take or join in such other steps as may be necessary to implement this Agreement and to effectuate the Settlement.  This includes (a) the obligation to oppose non-meritorious objections and to defend the Agreement and the Settlement before the Court and on appeal, if any; (b) to seek approval of this Agreement and of the Settlement by the Court; (c) to move for the entry of the orders set forth in paragraphs 2.01 and 2.23; and (d) to join in the entry of such other orders or revisions of orders or notices, including the orders and notices attached hereto, as are required by Defendant, subject to Class Counsel's consent, not to be unreasonably withheld or delayed.

5.02    Representative Plaintiff and Class Counsel represent and warrant that any Attorney Fee/Litigation Cost Award they may seek upon application to the Court pursuant to paragraphs 2.25 and 2.26 above shall include all attorneys' fees and litigation costs that Representative Plaintiff and Plaintiff's Counsel seek in connection with the Action.

5.03    Representative Plaintiff and Class Counsel represent and warrant that the term "Plaintiff's Counsel," as defined in paragraph 1.18 of this Agreement, includes all persons (natural or legal) having any interest in any award of attorneys' fees or litigation costs in connection with the Action.  Representative Plaintiff and Class Counsel represent and warrant that any motion and/or application that they file requesting an award of attorneys' fees and costs shall include within its scope all attorneys, law firms, or any other person or entity with a financial interest in any such award.  Representative Plaintiff and Class Counsel represent and warrant that they have authority to bind Plaintiff's Counsel to the provisions of paragraphs 2.25 and 2.26.

5.04    Representative Plaintiff, Class Counsel, and Defendant represent and warrant that he, she, or it are fully authorized to enter into this Agreement and to carry out the obligations provided for herein.  Each person executing this Agreement on behalf of a Party, entity, or other person(s) covenants, warrants, and represents that he, she, or it is and has been fully authorized to do so by that Party, entity, or other person(s).  Representative Plaintiff, Class Counsel, Plaintiff's Counsel, and Defendant represent and warrant that he, she, or it intends to be bound fully by the terms of this Agreement.

5.05    Representative Plaintiff, Class Counsel, and Defendant represent and warrant that they have not, nor will they (a) attempt to void this Agreement in any way; (b) opt-out of the Settlement under this Agreement; (c) solicit or encourage in any fashion Class Members to opt-out; or (d) solicit or encourage in any fashion any effort by any person (natural or legal) to object to the Settlement under this Agreement.

5.06    Representative Plaintiff, Class Counsel, and Defendant represent and warrant that he, she, or it will not use new information acquired during the administration of this Settlement,

including but not limited to the Class Member List, for any purpose other than (a) for the purpose of administering this Settlement, and (b) to respond to inquiries from persons as to their status as a Class Member in the Action.  Representative Plaintiff, Plaintiff's Counsel, and Class Counsel, and Defendant further represent and warrant that he, they, or it (a) will maintain the Class Member List as confidential; and (b) will not disclose the Class Member List or its contents to any other person or entity for any reason other than in connection with the administration of this Settlement, including but not limited to filing the Class Member List with the Court under seal. Provided, however, that nothing in this paragraph restricts Defendants from using any information that Defendant had before this lawsuit was filed.

5.07    Representative Plaintiff and Class Counsel represent and warrant that they will not use any information and/or documents obtained by them as part of any audit conducted under paragraph 2.20 for any purpose other than to audit the creation of the Class Member List and/or the disbursement of the Settlement Benefit to Class Members who submit Valid Claim Forms. Representative Plaintiff and Class Counsel further represent and warrant that (a) they will maintain any and all information and/or documents obtained by them as part of any audit conducted under paragraph 2.20 as confidential; (b) they will not disclose such information and/or documents, including but not limited to the contents of any such documents, to any other person or entity for any reason; and (c) they will, within one hundred twenty (120) days of receipt of any such information or documents, eliminate any electronic copies from any and all electronic or computer storage systems, and either return all information and documents obtained (and any and all copies of all or any portion thereof) to Counsel for the Defendant, or certify to Counsel for the Defendant the destruction of any hard copies.

5.08    In consideration of the agreements made herein, Plaintiff's Counsel hereby warrant and represent to Defendant that as of the execution date of this Agreement: (a) Plaintiff's Counsel do not currently represent any clients with claims against Defendant similar to the claims alleged in the Action; (b) Plaintiff's Counsel are not actively soliciting clients to bring cases specifically against Defendant for claims similar to the violations alleged in the Action; and (c) Plaintiff's Counsel will not solicit clients to bring a case specifically against Defendant for claims similar to the violations alleged in the Action.  Plaintiff's Counsel agree that it is a violation of this Agreement to solicit clients who may have potential claims against Defendant for the violations similar to those alleged in the Action.  Nothing in this Agreement shall constitute any restriction on the right of any of Plaintiff's Counsel to represent any person in any controversy.

5.09    Class Counsel represent and warrant that (a) they will abide by their obligations to the entire Settlement Class under the Federal Rules of Civil Procedure and federal caselaw addressing the duties owed by Class Counsel to the Settlement Class.  Class Counsel acknowledge and agree that the representations and warranties in this Agreement are material terms of the Agreement, and Defendant's continuing obligations under the Agreement are dependent upon these representations and warranties.

5.10    If any person, legal or natural, breaches the terms of any of the representations and warranties in this section, the Court shall retain jurisdiction over this matter to entertain actions by a Party against such person for breach and/or any Party's request for a remedy for such breach.

## VI.  MISCELLANEOUS PROVISIONS

6.01    Counsel for the Defendant and Class Counsel will work diligently and cooperatively to obtain dates for Preliminary Approval and Final Approval that will allow the Settlement to be completed at the earliest practicable date.

6.02    This Agreement reflects, among other things, the compromise and settlement of disputed claims and defenses among the Parties hereto, and nothing in this Agreement nor any action taken to effectuate this Agreement is intended to be an admission or concession of liability of any Party or third party or of the validity of any claim.  Defendant denies the allegations in the Action, and contends that its conduct has been lawful and proper.

6.03    This Agreement is entered into only for purposes of settlement.  In the event that Final Approval of this Agreement and this Settlement does not occur for any reason, this Agreement shall become null and void.  In that event, the Parties shall be absolved from all obligations under this Agreement, and this Agreement, any draft thereof, and any discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions leading to the execution of this Agreement shall have no effect and shall not be admissible evidence for any purpose.  In addition, the status of the Action shall revert to the state it was in prior to settlement, the pleadings shall revert to that date, and the agreements contained herein shall be null and void, shall not be cited or relied upon as an admission as to the Court's jurisdiction or the propriety of class certification, and the Parties shall have all rights, claims, and defenses that they had or were asserting as of the date of this Agreement.

6.04    The Parties agree that all negotiations, statements, proceedings, and other items related to this Agreement are for settlement purposes only, and shall not be offered or be admissible in evidence by or against Defendant or cited or referenced in any other action or proceeding.

6.05    This Agreement shall be terminable at the option of Defendant (a) in the event the Court fails to enter the orders contemplated by paragraphs 2.01 and 2.23, or does so in a form materially different from the forms contemplated by this Agreement; (b) if the Agreement becomes null and void in accordance with paragraph 6.03; (c) if the Court or any other court permits a person or persons to opt-out as a representative, or otherwise to exercise or preserve the opt-out, or substantive rights, of others; or (d) if the Court fails to approve this Agreement as written and agreed to by the Parties.  The Agreement also shall be terminable upon the mutual agreement of the Representative Plaintiff and Defendant.

6.06    If this Agreement is terminated pursuant to its terms, or if the Final Approval Date does not occur, or if this Agreement is not approved in full, then any and all orders vacated or modified as a result of this Agreement shall be reinstated, and any judgment or order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated *nunc pro tunc*.

6.07    Representative Plaintiff, Plaintiff's Counsel, and Class Members shall not (a) issue, or otherwise cause to be issued, any press release, advertisement, internet posting, or similar document concerning the Settlement of the Action and/or the Settlement Website, and (b) make any extrajudicial statements concerning the Settlement of the Action and/or the Settlement Website, excepting only that such statements may be made to individual Class Members in one-on-one communications.  Further, except as specifically provided for in connection with the Settlement Website, specifically ordered by the Court and/or specifically required by law, Representative Plaintiff, Plaintiff's Counsel, and Class Members shall not issue any public, mass,

or other generalized communications about the Settlement of the Action and/or the Settlement Website.

6.08    Class Counsel may, at their sole cost and expense, create and maintain the Settlement Website concerning the Settlement.  The Parties understand and agree, however, that Class Counsel, and/or any other person or entity acting in concert with Class Counsel, (a) shall not activate the Settlement Website (or otherwise cause the Settlement Website to go live) until ten (10) business days after (i) the Preliminary Approval Date or (ii) December 11, 2006, whichever comes later, (b) shall not activate the Settlement Website (or otherwise cause the Settlement Website to go live) until after Class Counsel provides Defendant with exemplar screen shots evidencing the form and content of all portions of the Settlement Website and Defendant provides its express written consent as to the form and content of the Settlement Website, such consent not to be unreasonably withheld or delayed, (c) shall not change, modify, and/or amend any aspect of the form or content of the Settlement Website, including, but not limited to, any statements, documents, and/or other information posted on the Settlement Website, without prior written notice to Defendant of the proposed change, modification, and/or amendment and Defendant's express written consent thereto, such consent not to be unreasonably withheld or delayed, (d) shall deactivate or otherwise terminate the Settlement Website no later than ninety (90) days after the Final Approval Date, and (e) shall not include any link from the Settlement Website to the internet websites of James, Hoyer, Newcomer & Smilijanich, P.A., Douglas Bowdoin, P.A., and/or the website or e-mail of any other person or entity.  In the event that Defendant does not provide its express written consent to the form or content of the Settlement Website, any aspect of the form and content of the Settlement Website, and/or any proposed change, modification, or amendment to the Settlement Website, Class Counsel may, by appropriate motion timely served upon Counsel for the Defendant, make application to the Court to approve any aspect of the form and content of the Settlement Website as to which Defendant has not provided such consent.

6.09    Plaintiff and Defendant represent and warrant that they will continue to be bound by the Protective Orders in the Action (the "Protective Order"), including the provisions of the Protective Order relating to return and/or destruction of documents or information designated as "CONFIDENTIAL MATERIALS," as that term is defined in the Protective Order, upon the "final termination" of the Action.

6.10    This Agreement is intended to and shall be governed as if a contract executed under the laws of the State of California.

6.11    The terms and conditions set forth in this Agreement constitute the complete and exclusive agreement between the Parties hereto, and may not be contradicted by evidence of any prior or contemporaneous agreement, and no extrinsic evidence may be introduced in any judicial proceeding to interpret this Agreement.  Any modification of the Agreement must be confirmed and executed in writing by all Parties and served upon Counsel for the Defendant and Class Counsel.

6.12    This Agreement shall be deemed to have been drafted jointly by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Agreement.

6.13    This Agreement shall inure to the benefit of the respective heirs, successors, and assigns of the Parties, and each and every one of the Released Parties shall be deemed to be

intended third-party beneficiaries of this Agreement and, once approved by the Court, of the Settlement.

6.14    The waiver by one Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

6.15    This Agreement, and the Settlement provided for herein, shall not be admissible in any lawsuit, administrative action, or any judicial or administrative proceeding if offered to show, demonstrate, evidence, or support a contention that (a) Defendant acted illegally, improperly, or in breach of law or proper conduct; and/or (b) class certification is required or appropriate.

6.16    The Parties and their respective counsel may execute this Agreement in counterparts.  Each counterpart shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if all Parties and their respective counsel had signed the same instrument.

6.17    Under no circumstances shall the Settlement or Agreement or the Release be deemed to alter, amend, or change the terms and conditions of any mortgage loan as to which any Class Member is or was a party, or to provide a defense to any such loan, including but not limited to a defense based on the so-called "one action" rule, nor shall the Settlement or the Agreement or the Release be deemed to have any effect in any bankruptcy case, in any foreclosure proceeding, or in any other action involving a Class Member hereto.

6.18    Under no circumstances shall the Settlement or Agreement or Release be deemed to prohibit Defendant from continuing to take any actions within the normal course of its business or with respect to any loan to any Class Member.

6.19    Although the Court shall enter a judgment, the Court shall retain jurisdiction over the interpretation, effectuation, enforcement, administration, and implementation of this Agreement.  In the event any proceeding is brought to enforce the terms of this Agreement, the prevailing Party shall be entitled to recover from the other(s) damages arising from any breach of the Agreement.  Further, if a Class Member takes any action or position, after the Final Approval Date, in any lawsuit (including the Action) that causes any Party to seek relief, intervention, or ruling by this Court to enforce, interpret, or protect the Settlement, this Agreement, or any of its orders subsequent hereto (including the Preliminary Approval Order or the Final Approval Order), the Court shall retain jurisdiction over this matter to entertain motions or requests by that Party for an award of damages and attorneys' fees against such Class Member.

6.20    The Parties understand and agree that any list of Successful Opt-Outs filed with the Court shall be filed under seal pursuant to the applicable procedures of the Court in order to protect the privacy interests of the persons identified thereon.

6.21    The provisions of this Agreement are severable insofar as the partial or complete invalidity, illegality, or legal ineffectiveness of any term in the Agreement shall not affect the validity, legality, or legal effectiveness of the remainder of such term or of any other terms therein.

6.22    The terms of this Agreement are material to the Parties, and each term shall be so construed.  In particular, and without limiting the foregoing, the terms of this Agreement may not be modified, changed, waived, or overridden based on a conclusion or determination that such

term is not as important as every other term, or that any person other than a Party hereto, or counsel of record in the Action, has modified, changed, waived or overridden such term.

6.23    Defendant and Representative Plaintiff acknowledge that they have been represented and advised by independent legal counsel throughout the negotiations that have culminated in the execution of this Agreement, and that they have voluntarily executed the Agreement with the consent and on the advice of counsel.  The Parties have negotiated and reviewed fully the terms of this Agreement.

[SIGNATURE PAGE FOLLOWS]

1    The parties have executed this Settlement Agreement as of the date first set forth above.

2    E-LOAN, INC.

3

4    By: _____          John S. White

5                                          JAMES, HOYER, NEWCOMER &
6    Name: _____          SMILJANICH, P.A., as Class Counsel
                                           and as attorneys for John S. White
7

8    MAYER, BROWN, ROWE & MAW, LLP,       By _____
     as attorneys for E-Loan, Inc.            Jill H. Bowman
9

10                                         DOUGLAS BOWDOIN, P.A., as Class
                                           Counsel and as attorneys for John S. White
11   By _____
        Victoria R. Collado
12                                         By _____
                                              Douglas Bowdoin
13

14                                         LAW OFFICES OF J. CRAIG BOURNE,
                                           as Class Counsel and as attorneys for
15                                         John S. White

16

17                                         By _____
                                              J. Craig Bourne
18

19

20

21

22

23

24

25

26

27

28

1
2     DARBY, PEELE, BOWDOIN & PAYNE,
      as attorneys for John S. White
3
4     By _____
5         W. Roderick Bowdoin
6
7     STEVEN M. FAHLGREN, P.A.,
      as attorneys for John S. White
8
9     By _____
          Steven M. Fahlgren
10
11    GAIL KILLEFER,
      as attorneys for John S. White
12
13    By _____
          Gail Killefer
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WHITE v. E-LOAN SETTLEMENT AGREEMENT                                Page

1

2          DARBY, PEELE, BOWDOIN & PAYNE,
           as attorneys for John S. White
3

4          By _____
                W. Roderick Bowdoin
5

6          STEVEN M. FAHLGREN, P.A.,
           as attorneys for John S. White
7

8          By _____
                Steven M. Fahlgren
9

10         GAIL KILLEFER,
           as attorneys for John S. White
11

12         By _____
                Gail Killefer
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WHITE v. E-LOAN SETTLEMENT AGREEMENT                                    Page

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DARBY, PEELE, BOWDOIN & PAYNE,
as attorneys for John S. White


By _____
        W. Roderick Bowdoin


STEVEN M. FAHLGREN, P.A.,
as attorneys for John S. White

By _____
        Steven M. Fahlgren


GAIL KILLEFER,
as attorneys for John S. White


By _____
        Gail Killefer

WHITE v. E-LOAN SETTLEMENT AGREEMENT                                    Page

The parties have executed this Settlement Agreement as of the date first set forth above.

E-LOAN, INC.

By: _____

Name:  Mark E. Lefanowicz


MAYER, BROWN, ROWE & MAW, LLP,
as attorneys for E-Loan, Inc.


By _____
    Victoria R. Collado


_____
John S. White

JAMES, HOYER, NEWCOMER &
SMILJANICH, P.A., as Class Counsel
and as attorneys for John S. White

By _____
    Jill H. Bowman

DOUGLAS BOWDOIN, P.A., as Class
Counsel and as attorneys for John S. White


By _____
    Douglas Bowdoin

LAW OFFICES OF J. CRAIG BOURNE,
as Class Counsel and as attorneys for
John S. White


By _____
    J. Craig Bourne


DARBY, PEELE, BOWDOIN & PAYNE,
as attorneys for John S. White


By _____
    W. Roderick Bowdoin


STEVEN M. FAHLGREN, P.A.,
as attorneys for John S. White


By _____
    Steven M. Fahlgren

The parties have executed this Settlement Agreement as of the date first set forth above.

E-LOAN, INC.

By: _____

Name: _____


MAYER, BROWN, ROWE & MAW, LLP,
as attorneys for E-Loan, Inc.

By _Victoria Collado_

Victoria R. Collado

_____
John S. White

JAMES, HOYER, NEWCOMER &
SMILJANICH, P.A., as Class Counsel
and as attorneys for John S. White

By _____
   Jill H. Bowman

DOUGLAS BOWDOIN, P.A., as Class
Counsel and as attorneys for John S. White

By _____
   Douglas Bowdoin

LAW OFFICES OF J. CRAIG BOURNE,
as Class Counsel and as attorneys for
John S. White

By _____
   J. Craig Bourne

DARBY, PEELE, BOWDOIN & PAYNE,
as attorneys for John S. White

By _____
   W. Roderick Bowdoin

STEVEN M. FAHLGREN, P.A.,
as attorneys for John S. White

By _____
   Steven M. Fahlgren

GAIL KILLEFER,
as attorneys for John S. White

# EXHIBIT A

1  | **GAIL KILLEFER, Esq.** Rena Su-Ling Chng
   | (California Bar No. 157248)
2  | 417 Montgomery Street, Suite 300
   | San Francisco, CA 94104
3  | Telephone: (415) 362-8640
   | Facsimile: (415) 383-8545
4  | Email: gkillefer@aol.com

5  | Terry A. Smiljanich
   | (Florida Bar No. 145359)
6  | Jill H. Bowman
   | (Florida Bar No. 057304)
7  | (appearance pro hac vice)
   | **JAMES HOYER NEWCOMER**
8  | **& SMILJANICH, P.A.**
   | 4830 West Kennedy Blvd., Suite 550
9  | Tampa, FL  33609
   | Telephone: (813) 286-4100
10 | Facsimile: (813) 286-4174

11 | Douglas Bowdoin
   | (Florida Bar No. 316360)
12 | (appearance pro hac vice)
   | **DOUGLAS BOWDOIN, P.A.**
13 | 255 South Orange Avenue, Suite 800
   | Orlando, FL  32801
14 | Telephone: (407) 422-0025
   | Facsimile: (407) 843-2448

15 | Attorneys for Plaintiffs

(SBN 209665)
**MAYER BROWN ROWE & MAW, LLP**
Two Palo Alto Square, Suite 300
Palo Alto, CA 94306
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

Victoria R. Collado
(appearance pro hac vice)
**MAYER BROWN ROWE & MAW, LLP**
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
Facsimile: (312) 701-7011

Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN S. WHITE, <br> on behalf of himself and those <br> similarly situated, <br><br>      Plaintiffs, <br> v. <br><br> E-LOAN, INC., and <br> DOES 1 through 10, inclusive, <br><br>      Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> CASE NO. C-05-02080 SI <br><br><br> <u>CLASS ACTION</u> |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT,
PROVISIONALLY APPROVING CLASS FOR SETTLEMENT PURPOSES,
AND WITH RESPECT TO CLASS NOTICE,**

These matters having come before the Court upon the Motion of plaintiff John S. White, individually and on behalf of a class of persons, for preliminary approval of a settlement reached between the Parties, and upon consideration of the Parties' Settlement Agreement dated on or before November 17, 2006 (the "Settlement Agreement") and the exhibits thereto, IT IS HEREBY ORDERED AS FOLLOWS:

1.      The Settlement Agreement is hereby incorporated by reference in this Order as if fully set forth herein.  Capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning as in the Settlement Agreement.

2.      Solely for the purpose of settlement in accordance with the Settlement Agreement, and pursuant to Fed. R. Civ. P. 23(a) and (b)(3) of the Federal Rules of Civil Procedure, this Court hereby provisionally approves the following settlement class ("Settlement Class"):

> All individuals throughout the United States whose consumer reports were obtained or used by E-Loan on or after March 31, 2002, in connection with a credit transaction not initiated by them for the purpose of sending such individual a solicitation letter and who received from E-Loan the S501-A mailing or the S501-B mailing in or about March 2005.

If, for any reason, the Settlement is not approved or does not become effective, this provisional approval shall be null and void, and shall not be used or referred to for any purpose in this Action or any other action or proceeding.

3.      For settlement purposes only, and subject to further consideration at the Court Approval Hearing described in paragraph 12 below, the Settlement Class is found to meet the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3).

4.      For settlement purposes only, and after considering the relevant factors in Fed. R. Civ. P. 23, Representative Plaintiff is conditionally designated as representative of the Settlement Class and Class Counsel are conditionally appointed as counsel for the Settlement Class.  The law firm and attorneys conditionally representing the Settlement Class are:

Terry A. Smiljanich
Jill H. Bowman
JAMES, HOYER, NEWCOMER & SMILJANICH, P.A.
One Urban Centre, Suite 550
4830 West Kennedy Blvd.
Tampa, FL 33609-2589


GAIL KILLEFER
417 Montgomery Street, Suite 300
San Francisco, CA 94104

Douglas Bowdoin
DOUGLAS BOWDOIN, P.A.
255 South Orange Avenue, Suite 800
Orlando, FL  32801

5.       Pursuant to Fed. R. Civ. P. 23, the terms of the Settlement Agreement and the Settlement provided for therein, are preliminarily approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical and procedural considerations of the Action, (b) free of collusion to the detriment of Class Members, and (c) within the range of possible final judicial approval, subject to further consideration thereof at the Court Approval Hearing described at paragraph 12 of this Order.  Accordingly, the Settlement Agreement and the Settlement are sufficient to warrant notice thereof, as set forth below, and a full hearing on the Settlement.

6.       Pursuant to the terms of the Settlement Agreement, Defendant is hereby directed to prepare the Class Member List within ten (10) business days after (a) the Preliminary Approval Date or (b) November 20, 2006, whichever comes later.  Within twenty (20) business days after the completion of the Class Member List, and pursuant to the procedures detailed in the Settlement Agreement, Defendant shall provide notice of the Settlement and of the Court Approval Hearing to each Class Member on the Class Member List by mailing to the address for the Class Member on the Class Member List, as updated through the NCOA database, a copy of the Class Notice, substantially in the form attached to the Settlement Agreement as Exhibit B, together with a copy of the Claim Form, substantially in the form attached to the Settlement Agreement as Exhibit C.  The Settlement Administrator shall have discretion to format the Class Notice, Claim Form, and Class Counsel shall have discretion to revise the Class Notice and Claim Form before mailing, with the consent of Defendant.

1

2          7.      If any Class Notice mailed pursuant to the Settlement Agreement and paragraph 6

3   above is returned by the United States Postal Service as undeliverable, then Defendant shall re-mail

4   the Class Notice, together with the Claim Form, to the forwarding address, if any, provided on the

5   face of the returned mail.  If the returned mail does not reflect a forwarding address, then Defendant

6   shall have no other obligation to re-mail the Class Notice and Claim Form.

7          8.      The Court finds that the Settlement Agreement's plan for class notice is the best

8   notice practicable under the circumstances and satisfies the requirements of due process and Fed. R.

9   Civ. P. 23.  That plan is approved and accepted. This Court further finds that the Class Notice and

10  Claim Form comply with Fed. R. Civ. P. 23 and are appropriate as part of the notice plan and the

11  Settlement, and thus they are hereby approved and adopted.  This Court further finds that no other

12  notice other than that identified in the Settlement Agreement is reasonably necessary in this Action.

13         9.      Any Class Member who wishes to be excluded from the Settlement Class and not be

14  bound by the Settlement Agreement must complete and mail a request for exclusion ("Opt-Out") to

15  the Settlement Administrator postmarked no later than ___, 2006.  For a Class Member's Opt-Out

16  to be valid, it must be timely (as judged by the postmark deadline set forth above) and (a) state the

17  Class Member's full name, address and telephone number; (b) contain the Class Member's original

18  signature(s) (conformed, reproduced, facsimile, or other non-original signatures are not valid); and

19  (c) unequivocally state the Class Member's intent to be excluded from the Settlement Class, to be

20  excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the

21  benefits of the Settlement.  Any Class Member who does not submit a timely Opt-Out, and otherwise

22  comply with all requirements for requesting exclusion from the Settlement Class as set forth above

23  and in the Class Notice, shall be bound by the Settlement Agreement, including the Release, as

24  embodied in paragraphs 4.01, 4.02, and 4.03 of the Settlement Agreement, and any Final Judgment

25  entered in the Action.  Further, any Class Member who is a Successful Opt-Out will be deemed to

26  have waived any rights or benefits under the Settlement, and will have no standing to object to the

27  Settlement or to seek to intervene in the Action.

28

1    10.    On or before the date of the Court Approval Hearing, Class Counsel and Counsel for

2  the Defendant shall create and file with the Court a comprehensive list of Successful Opt-Outs.

3    11.    Any Class Member who is not a Successful Opt-Out and who wishes to object to the

4  Settlement, in whole or in part, must file a written objection to the Settlement or Settlement

5  Agreement ("Objection") with the Court, and contemporaneously serve it upon Class Counsel and

6  Counsel for the Defendant, no later than ___, 2006.  To be considered valid, each Objection must

7  be timely (as judged by the filing deadline set forth above) and (a) set forth the Class Member's full

8  name, current address, and telephone number; (b) contain the Class Member's original signature

9  (conformed, reproduced, facsimile, or other non-original signatures will not be valid); (c) state that

10  the Class Member objects to the Settlement, in whole or in part; (d) set forth a statement of the legal

11  and factual basis for the Objection; and (e) provide copies of any evidence or documents that the

12  Class Member wishes to submit in support of his/her position.  Any Class Member who does not

13  submit a timely and valid Objection in complete accordance with this Order, the Class Notice and

14  the Settlement Agreement shall not be treated as having filed a valid Objection to the Settlement.

15  Objections that are untimely and/or otherwise invalid will not be considered by this Court.

16    12.    A hearing (the "Court Approval Hearing") shall be held before the undersigned at

17  ___ (a.m./p.m.) on _____, 2006, in the United States District Court for the Northern District of

18  California, ADDRESS, to determine, among other things, (a) whether the proposed Settlement

19  should be approved as fair, reasonable and adequate, (b) whether the Action should be dismissed

20  with prejudice pursuant to the terms of the Settlement Agreement, (c) whether Class Members

21  should be bound by the Release set forth in the Settlement Agreement, (d) whether Class Members

22  should be subject to a permanent injunction that, among other things, bars Class Members from

23  filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise),

24  any lawsuit, claim, demand or proceeding in any jurisdiction that is based on or related to, directly

25  or indirectly, matters within the scope of the Release, (e) whether the Settlement Class should be

26  finally certified, (f) the amount of attorneys' fees and costs to be awarded to Class Counsel, if any,

27  and (g) the amount of the award to be awarded to Plaintiff for his services as class representative,

28

1   if any.  This hearing may be postponed, adjourned, or continued by order of the Court without further
2   written notice to the Settlement Class.

3       13.     Memoranda in support of the Settlement, applications for an Attorney Fee/Litigation
4   Cost Award, and applications for a Class Representative Award to Representative Plaintiff shall be
5   filed with the Court no later than seven (7) days before the Court Approval Hearing.

6       14.     Any Class Member who wishes to appear at the Court Approval Hearing, whether
7   *pro se* or through counsel, must file a notice of appearance in the Action, and contemporaneously
8   serve the notice on Class Counsel and Counsel for the Defendant, on or before ___, 2006.  No Class
9   Member shall be permitted to raise matters at the Court Approval Hearing that the Class Member
10  could have raised in an Objection, but failed to do so.  Any Class Member who fails to comply with
11  this Order, the Class Notice and/or Settlement Agreement shall be barred from appearing at the Court
12  Approval Hearing.

13      15.     Any Class Member who wished to intervene in the Action or seek other relief from
14  the Court must file with the Court, and contemporaneously serve on Class Counsel for the
15  Defendant, an appropriate motion or application, together with all supporting pleadings or
16  documentation, on or before ___, 2006.

17      16.     The postmark deadline for the submission of Valid Claim Forms shall be ___, 2006,
18  or by electronic submission on that same date through the settlement website identified in the Notice.
19  The validity of Claim Forms otherwise shall be governed by the terms stated in the Settlement
20  Agreement.

21      17.     All other events contemplated by the Settlement Agreement to occur after this Order
22  and before the Court Approval Hearing shall be governed by the Settlement Agreement, to the extent
23  not inconsistent herewith.

24      18.     The Parties are hereby authorized to establish the means necessary to administer the
25  Settlement.

26      19.     All proceedings in the Action, other than such as may be necessary to carry out the
27  terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto,
28  are stayed and suspended until further order of this Court.

1

2        20.    If Final Approval of the Settlement is not achieved, or if the Settlement is terminated

3  for any reason, the Settlement and all proceedings had in connection therewith shall be without

4  prejudice to the *status quo ante* rights of the Parties to the Action, and all Orders issued pursuant to

5  the Settlement shall be vacated.  In such an event, the Settlement and all negotiations concerning it

6  shall not be used or referred to in this Action for any purpose whatsoever.  This Order shall be of no

7  force or effect if Final Approval does not occur for any reason, and nothing in this Order shall be

8  construed or used as an admission, concession, or declaration by or against Defendant, of any fault,

9  wrongdoing, breach, or liability.  Nor shall this Order be construed by or against Representative

10  Plaintiff or the Class Members that their claims lack merit or that the relief requested in this Action

11  is inappropriate, improper, or unavailable, or as a waiver by any Party of any defenses it may have.

12  Nor shall this Order be construed or used to show that certification of one or more classes would or

13  would not be appropriate if this Action were to be litigated rather than settled.

14        21.    Neither the Settlement nor the Settlement Agreement constitutes an admission,

15  concession, or indication by the Parties of the validity of any claims or defenses in the Action; or of

16  any wrongdoing, liability, or violation of law by the Defendant, which vigorously denies all of the

17  claims and allegations raised in the Action.

18        22.    The Court reserves the right to approve the Settlement with such modifications, if

19  any, as may be agreed to by Class Counsel and Counsel for the Defendant and without future notice

20  to the Class Members.

21        23.    No Class Member, or any other person acting on behalf of or in concert with a Class

22  member, may exclude any other Class Member from the Settlement Class.  All Class Members who

23  have not timely and validly excluded themselves from the Settlement Class and all persons acting

24  on behalf of or in concert with any such Class Members are hereby preliminarily enjoined from,

25  directly or indirectly: (I) commencing, prosecuting, participating in (as a class member or otherwise),

26  and/or assisting in any lawsuit or other proceeding against Defendant that asserts or purports to assert

27  claims that (a) were asserted, attempted to be asserted, or could have been asserted in the Action,

28  and/or (b) are within the scope of the Release, as embodied in paragraphs 4.01, 4.02, and 4.03 of the

1    Settlement Agreement; and (ii) organizing or soliciting Class Members or opt-outs into a separate

2    class for purposes of pursuing, as a purported class action, a lawsuit or other proceeding on behalf

3    of Class Members or Opt-Outs that asserts or purports to assert claims that (a) were asserted,

4    attempted to be asserted, or could have been asserted in the Action, and/or (b) are within the scope

5    of the Release, as embodied in paragraphs 4.01, 4.02, and 4.03 of the Settlement Agreement.

6        24.    Except as set forth in this Order and the Settlement Agreement, no person or entity,

7    including but not limited to Plaintiff's Counsel, Counsel for the Defendant, Representative Plaintiff,

8    or Defendant, shall be permitted to initiate communications with Class Members, whether by written

9    correspondence, notices, advertisements, Internet postings, or other media, concerning the Settlement

10   or its terms without prior approval from the Court upon prior notice to Class Counsel and Counsel

11   for the Defendant.

12       25.    Except as set forth in this Order and the Settlement Agreement, the Parties (and

13   Plaintiff's Counsel and Counsel for the Defendant) shall not issue any public, mass, or generalized

14   communications about the Settlement (other than disclosures required by law), whether by press

15   release or any other means, without prior approval of the Court and/or the express written consent

16   of the other Party.

17

18   Dated: _____

19

20   San Francisco, CA              _____
                                     Hon. Susan Illston
21                                   U.S. District Court Judge

22

23

24

25

26

27

28

# EXHIBIT B

**JOHN S. WHITE V. E-LOAN, INC.**
**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA**
**NOTICE OF CLASS ACTION PROPOSED SETTLEMENT**
**AND COURT APPROVAL HEARING**

**PLEASE READ THIS ENTIRE NOTICE CAREFULLY.   THE PROPOSED SETTLEMENT DESCRIBED BELOW MAY AFFECT YOUR LEGAL RIGHTS AND PROVIDE YOU POTENTIAL BENEFITS.**

**YOU ARE NOT BEING SUED.**

TO:     All individuals throughout the United States whose credit report information was obtained or used by E-Loan, Inc. ("E-Loan"), in connection with a credit transaction not initiated by them, and who received a mailer from E-Loan designated as the S501-A mailing or as the S501-B mailing.

**I.      What Is the Purpose of This Notice?**
The purpose of this Notice is (a) to advise you of a proposed Settlement (the "Settlement") of the above-captioned civil action (the "Action") against E-Loan in the United States District Court for the Northern District of California (the "Court"), (b) to summarize your rights under the Settlement, and (c) to inform you of a court hearing to consider the final approval of the Settlement to be held on _____, 2006, at _____, before the Honorable Susan Illston, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA  94102 (the "Court Approval Hearing").

**II.     Why did I receive this Notice?**
You are a member of the settlement class (the "Class") because E-Loan's records show that E-Loan obtained information about you from a credit reporting agency and used that information to send you a letter about a loan in 2005.

**III.    What is the Case About?**
Plaintiff claims that E-Loan violated your privacy rights by obtaining information about you from a credit reporting agency in violation of the Fair Credit Reporting Act (the "FCRA").  The Action does not seek actual damages.  The Action seeks statutory damages, punitive damages, and attorneys' fees and costs.  E-Loan denies that it acted unlawfully, and denies that it committed any violations of the FCRA. The Court has not made a determination that E-Loan has done anything wrong.

**IV.    What are the Principal Terms of the Proposed Settlement?**
The principal terms of the proposed Settlement are:

A.      Settlement Benefit.  Each Class Member who does not exclude himself or herself from the Class and submits a timely Claim Form will be eligible to receive: 1) a check for $20.00; 2) a free Credit Report; and 3) a free FICO Credit Score (a credit score calculation developed by Fair Isaac Corporation).

To receive the Settlement Benefit, your Claim Form must be completed, signed, and mailed to the following address for FCRA Settlement Administration, postmarked not later than _____, 2006:

FCRA Settlement Administration
_____
_____

If you wish to receive the Credit Report and Credit Score, then you must completely fill out and sign Section III of the Claim Form to provide the Credit Vendor with your express authorization for it to provide you with your Credit Report and Credit Score.

The Claim Form must be signed in Section IV.

B.    <u>Release</u>.  Each Class Member who does not exclude himself or herself from the Class, and his or her respective heirs, executors, administrators, successors, representatives, attorneys, agents, and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government as *parens patriae* or bankruptcy trustees), collectively, the "Class Releasing Parties," will unconditionally and irrevocably remise, release, and discharge E-Loan from, and irrevocably agree not to commence any judicial action against E-Loan arising out of, any and all claims, of whatever kind or character, direct or indirect, whether known or unknown or capable of being known as of the date hereof, whether existing now or to come into existence in the future, arising at law or in equity, by a right of action or otherwise, whether or not they were asserted or could have been asserted in the Action, which the Class Member has, may have, or may come to have, individually or as a member of a class, against E-Loan based on, arising out of, or in any way relating or pertaining to (a) all claims that were asserted or attempted to be asserted in the Action in connection with E-Loan's S501-A and S501-B mailings; (b) E-Loan's accessing or obtaining of consumer credit reports or consumer credit information in connection with E-Loan's S501-A and S501-B mailings; (c) E-Loan's alleged failure to comply with the requirements of the FCRA relating to the accessing or obtaining of consumer credit reports and/or consumer credit information in connection with E-Loan S501-A and  S501-B mailings; (d) the contents of and any disclosure or non-disclosure in E-Loan's S501-A and  S501-B mailings; and (e) the contents, failure of delivery, or misdelivery of any Class Member's Credit Report or Credit Score that may be obtained as part of this Settlement.  This Release shall be included as part of any judgment, so that all released claims and rights shall also be barred by principles of *res judicata*.  Nothing in this release shall be construed to release Defendant from any obligations under this Settlement Agreement.

Each Class Member who does not exclude himself or herself from the Class agrees that, upon Final Approval, each will waive and release any and all provisions, rights, and benefits conferred either (a) by Section 1542 of the California Civil Code, or (b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code, with respect to the claims released above.

Section 1542 of the California Civil Code reads:

> Section 1542.  General Release, extent.  A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Whether a beneficiary of California law or otherwise, each Class Member acknowledges that he or she may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released above, but each of those individuals expressly agrees that, upon entry of the final judgment contemplated by the Settlement Agreement, he or she shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims released above, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

C.    <u>Attorneys' Fees and Costs</u>.  Plaintiff's Counsel will ask the Court to award them attorneys' fees and litigation costs in the amount of $750,000 for investigating the facts and law in the Action, litigating the Action, and negotiating the proposed Settlement of the Action.  Plaintiff's Counsel has

already filed a motion for such an award with the Court, and will file a detailed memorandum of law in support of that motion prior to the Court Approval Hearing.  (Copies of the motion are available from the Clerk of Court and copies of the memorandum in support of that motion will be available from the Clerk of Court prior to the Court Approval Hearing.)  E-Loan has agreed to pay the amount of any fees and costs awarded to Plaintiff's Counsel by the Court up to $750,000.  Any award of attorneys' fees and costs to Plaintiff's Counsel, up to the above-specified limits, will be paid by E-Loan separate from and in addition to the Settlement Benefit to Class Members.

        D.     <u>Dismissal of the Action</u>.  The Action will be dismissed with prejudice.

        If the Settlement is approved by the Court and becomes final, the Settlement will be consummated and the Settlement Benefit will be provided to eligible Class Members.  If the Settlement is not approved by the Court or does not become final for any reason, the Action will continue, and Class Members will not be entitled to receive the Settlement Benefit.

        SECTIONS IV(A)-(D) ABOVE PROVIDE ONLY A SUMMARY OF THE TERMS OF THE PROPOSED SETTLEMENT.  YOU MUST CONSULT THE SETTLEMENT AGREEMENT FOR MORE INFORMATION ABOUT THE EXACT TERMS OF THE SETTLEMENT.  THE SETTLEMENT AGREEMENT IS AVAILABLE FROM THE CLERK OF COURT, AS SET FORTH IN SECTION IX BELOW, OR ON THE INTERNET AT WWW._____.

**V.**    **<u>Who Represents the Class</u>?**
        The Court provisionally has appointed the following individuals from the following law firms to act as the lawyers for the Class (referred to as "Plaintiff's Counsel"):

| | |
|---|---|
| Jill H. Bowman | Douglas Bowdoin |
| Terry A. Smiljanich | DOUGLAS BOWDOIN, P.A. |
| JAMES, HOYER, NEWCOMER & | 255 S. Orange Ave., Suite 800 |
|   SMILJANICH, P.A | Orlando, FL  32801 |
| One Urban Centre, Suite 550 | |
| 4830 West Kennedy Blvd. | |
| Tampa, FL  33609-2589 | |

**VI.**    **<u>What Do I Need to do Now</u>?**
        A.     YOU CAN PARTICIPATE AND BE ELIGIBLE TO RECEIVE THE SETTLEMENT BENEFIT.  If the Settlement is approved at the Court Approval Hearing, you will have the right to participate in the Settlement and receive the Settlement Benefit described in this Notice.  If that is what you want, you must complete and mail the attached Claim Form, by first-class mail, to the Settlement Administrator at the address provided on the Claim Form postmarked on or before _____, 2006.  If you do not mail back a fully-completed Claim Form before that deadline, you will not get a Settlement Benefit and will be bound by the Settlement.

        If you participate, your interests as a Class Member will be represented by Plaintiff and the above-listed Plaintiff's Counsel.  You will not be billed for their services.

        You will be bound by any judgment or other final disposition of the Action, including the Release as provided in the Settlement Agreement, and will be precluded from pursuing claims against E-Loan separately if those claims are within the scope of the Release.

        B.     YOU CAN OPT-OUT.  If you do not wish to be a Class Member, and do not want to participate in the Settlement, you may exclude yourself from the Class by completing and mailing a notice

of intention to opt-out (referred to as an "Opt-Out") to the following address, postmarked not later than _____, 2006:

> FCRA Settlement Administration
> P.O. Box _____
> _____

Any Opt-Out must (a) state your full name, address, and telephone number; (b) contain your original signature (conformed, reproduced, facsimile, or other non-original signatures are not valid); and (c) state unequivocally your intent to be excluded from the Class, to be excluded from the Settlement, to waive all right to the Settlement Benefit, or not to participate in the Settlement.  If you choose to exclude yourself from the Class, you will not be able to participate in any benefits of the Settlement and you will retain any claims you may have against E-Loan.  Class Members who do not mail in a timely and valid Opt-Out will remain Class Members and will be bound by the Settlement.

       C.       YOU CAN OBJECT OR TAKE OTHER ACTIONS IN THE ACTION.  Any Class Member who has not elected to be excluded from the Class may object to part or all of the Settlement, may appear at the Court Approval Hearing, and/or may ask to become involved in the Action.

       (1)       Objections to the Settlement.  You may object to the approval of the Settlement, to any aspect of the Settlement or the Settlement Agreement, and/or to the application for attorneys' fees and costs, or both.  You must file any objection with the Clerk of Court, United States District Court for the Northern District of California, [insert mailing address] on or before _____, 2006, and must send a copy of the objection to Plaintiff's Counsel and Defendant's Counsel at the addresses set forth below in this Section VI by that same date.  To be valid, each objection must (a) set forth the Class Member's full name, current address, and telephone number; (b) contain the Class Member's original signature (conformed, reproduced, facsimile, or other non-original signatures are not valid); (c) state that the Class Member objects to the Settlement, in whole or in part; (d) set forth a statement of the legal and factual basis for the objection; and (e) provide copies of any documents that the Class Member wishes to submit in support of his/her position.  Objections that are not timely filed with the Court and sent to Plaintiff's Counsel and Defendant's Counsel, and/or are otherwise invalid, will not be considered by the Court.

       (2)       Appearances at the Court Approval Hearing.  It is not necessary for you to appear at the Court Approval Hearing.  If you wish to appear and/or speak at the Court Approval Hearing, whether personally or through a lawyer, however, you must file a notice of appearance with the Clerk of Court, United States District Court for the Northern District of California [insert address] on or before _____, 2006, and must send a copy of the notice of appearance to Plaintiff's Counsel and Defendant's Counsel at the addresses set forth above and below by _____, 2006.  Copies of any documents you wish to submit to the Court in support of your objection must have been filed and sent to Plaintiff's Counsel and Defendant's Counsel on or before _____, 2006.

       (3)       Intervention in the Action.  It is not necessary for you to intervene in the Action.  If you want to intervene in the Action, however, you must file an appropriate motion to intervene, and all supporting pleadings and other documents, with the Clerk of Court, United States District Court for the Northern District of California, [address] on or before _____, 2006, and must send a copy of the motion to intervene, and all supporting pleadings and other documents, to Plaintiff's Counsel (address in Section V above) and Defendant's Counsel at the addresses set forth below by _____, 2006.

CHDB01 1368480.4   16-Nov-06 12:29

| Plaintiff's Counsel | Defendant's Counsel |
|---|---|
| (See list in Section V above) | Victoria R. Collado<br>James C. Schroeder<br>Mayer, Brown, Rowe & Maw, LLP<br>71 South Wacker Drive<br>Chicago, IL  60606 |

**VII.    What Will Take Place at the Court Approval Hearing?**

The Court will hold the Court Approval Hearing in Courtroom No.____ of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA  94102, on _____ , 2006, at _____ a.m./p.m.  At that time, the Court will determine, among other things, (a) whether the Settlement should be finally approved as fair, reasonable, and adequate, (b) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement, (c) whether Class Members should be bound by the Release set forth in the Agreement, (d) whether the Class should be finally certified, (e) whether Class Members should be subject to a permanent injunction that, among other things, bars Class Members from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit, claim, demand, or proceeding in any jurisdiction that is based on or related to, directly or indirectly, matters within the scope of the Release, (f) the amount of attorneys' fees and costs to be awarded to Plaintiff's Counsel, if any, and (g) the amount of the award to be awarded to Plaintiff for his service as class representative, if any.  The Court Approval Hearing may be postponed, adjourned, or continued by Order of the Court without further notice to the Class.

**VIII.    What Orders Has the Court Entered in Connection with the Proposed Settlement?**

A.    <u>Preliminary Injunction</u>.  The Court has preliminarily enjoined Class Members who have not timely and validly excluded themselves from the Class, and all persons acting on behalf of or in concert with any such Class Members, from, directly or indirectly, (i) commencing, prosecuting, participating in (as a class member or otherwise), and/or assisting in any lawsuit or other proceeding against E-Loan that asserts or purports to assert claims that (a) were asserted, attempted to be asserted, or could have been asserted in the Action, and/or (b) are within the scope of the Release; and (ii) organizing or soliciting Class Members or Opt-Outs into a separate class for purposes of pursuing, as a purported class action, a lawsuit or other proceeding on behalf of Class Members or Opt-Outs that asserts or purports to assert claims that (a) were asserted, attempted to be asserted, or could have been asserted in the Action, and/or (b) are within the scope of the Release (the "Injunction").  The exact terms of the Injunction are set forth in the Court's order dated as of _____, 2006 ("Order"), a copy of which is available from the Clerk of Court, as set forth in Section IX below, or on the internet at www._____.com.

B.    <u>Communication with Class Members</u>.  Class Members are currently represented by Plaintiff's Counsel.  As a result, the Court has ordered that no person or entity shall be permitted to initiate communications with Class Members, whether by written correspondence, notices, advertisements, internet postings, or other media, concerning the Settlement or Settlement Agreement or its terms without prior approval from the Court upon prior notice to Plaintiff's Counsel and Defendant's Counsel.

**IX.    How Can I Get Additional Information About the Action, the Proposed Settlement, the Settlement Agreement, or the Notice?**

The descriptions of the Action, the Settlement, and the Settlement Agreement that are contained in this Notice are only a general summary.  In the event of a conflict between this Notice and the Settlement Agreement, the terms of the Settlement Agreement shall control.  All papers filed in this case, including the full Settlement Agreement, are available for you to inspect and copy (at your cost) at the

CHDB01 1368480.4   16-Nov-06 12:29

office of the Clerk of Court, United States District Court for the Northern District of California, during regular business hours.

Any questions concerning this Notice, the Settlement Agreement, or the Settlement may be directed to Plaintiff's Counsel in writing at the address set forth above in Section V or by calling Class Counsel at 1-800-634-0877.

You may also seek the advice and counsel of your own attorney, at your own expense, if you desire.

Additional copies of this Notice and the accompanying Claim Form can be obtained from Class Counsel upon written request.

In addition, copies of the Settlement Agreement and the Order of the Court preliminarily approving the Settlement are available on the internet at www._____.com.

DO NOT WRITE OR TELEPHONE THE COURT, THE CLERK'S OFFICE, OR E-LOAN IF YOU HAVE ANY QUESTIONS ABOUT THIS NOTICE, THE SETTLEMENT, OR THE SETTLEMENT AGREEMENT.

**X.    What are the Important Deadlines I Should Know?**

_____, 2006        All NOTICES OF APPEARANCE AND
                                        MOTIONS TO INTERVENE must be FILED in Court and
                                        sent to Plaintiff's Counsel and Defendant's Counsel.

_____, 2006        All OPT-OUTS must be POSTMARKED and mailed to
                                        FCRA Settlement Administration.

_____, 2006        All OBJECTIONS must be FILED in Court and sent to
                                        Plaintiff's Counsel and Defendant's Counsel.

_____, 2006        COURT APPROVAL HEARING.

_____, 2006        All CLAIM FORMS must be POSTMARKED
                                        and mailed to FCRA Settlement Administration,
                                        or you will not receive the Settlement Benefit.

/s/ The Honorable _____
Dated: _____, 2006
UNITED STATES DISTRICT JUDGE

# EXHIBIT C

## CLAIM FORM

If the proposed settlement described in the accompanying "Notice of Class Action Proposed Settlement and Court Approval Hearing" is approved by the Court and becomes final, you will be eligible to receive the $20.00 Settlement Check, Credit Report, and FICO Credit Score if you complete and sign this Claim Form.

**I.     SUBMISSION DEADLINE**

You must mail this Claim Form, by first-class United States mail, postage prepaid, to FCRA Settlement Administration, P.O. Box ___, [City,] [State]  [Zip code] postmarked no later than _____, 200__.

**II.     REQUIRED CLASS MEMBER INFORMATION**

Please print below your full name and current mailing address:

_____
Full Name (First, Middle Initial, Last)

_____
Current Address (P.O. Box No., House No., Street Name)                    Daytime Phone Number

_____     _____     _____
City                                                                State               Zip Code

**III.     CREDIT REPORT AND FICO CREDIT SCORE**

If you do NOT want to receive a Credit Report and FICO Credit Score and want to receive only the $20.00 settlement check, skip this Section III and sign in Section IV.  If you want to receive a Credit Report and FICO Credit Score check here, provide <u>all</u> the information requested, and sign the acknowledgement where indicated:

☐   I would like to receive a Credit Report and FICO credit score.

If your current address is less than 2 years old, please provide your former address here:

_____
You must provide the following additional information in order to receive the Credit Report and Credit Score:

_____     _____     _____
Date of Birth (MM/DD/YYYY)                    Gender (M/F)               Daytime Phone Number

_____     ☐   Check this box if, for security purposes, you
Social Security Number (XXX-XX-XXXX)               want your Credit Report to include no more
**(REQUIRED TO OBTAIN CREDIT FILE--**            than the last four digits of your Social
**YOUR SOCIAL SECURITY NUMBER WILL**             Security Number.
**REMAIN CONFIDENTIAL)**

I authorize Equifax Consumer Services, Inc. ("Equifax") to obtain my credit report in order for me to receive my Credit Report and FICO Credit Score.  I understand that Equifax cannot accept authorization from any person other than the individual requesting the Credit Report and confirm that I

am at least 18 years of age and I am requesting my own personal information.  I understand that there will be additional terms and conditions provided in the Credit Report that I will receive, including limitations on Equifax's liability, and I will be bound by those terms and conditions unless I immediately reject and return my Credit Report upon receipt of the complete terms and conditions.

_____                                         _____

**Signature (Required)**                                                                                                    **Date**


**IV.    REQUIRED CLASS MEMBER ACKNOWLEDGEMENT**

        I submit this Claim Form under penalty of perjury and state that the information I have provided above is true and accurate to the best of my knowledge and belief. I understand that I am bound by the Release described in section IV.B of the Notice of Class Action Proposed Settlement.


_____

**Signature (Required)**

# EXHIBIT D

## CLASS BROCHURE

As set forth in the accompanying "Notice of Pendency of Class Action, Proposed Settlement and Court Approval Hearing," this Class Brochure provides general information concerning the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*   The overview of FCRA and the potential rights that may be available to consumers under the statute contained in this Class Brochure are only a general summary.  You must consult FCRA itself for information about the exact provisions of the statute and any rights you may have under it.  In the event of any conflict between the information in this Class Brochure and FCRA, the provisions of FCRA shall control.

### 1.     What is the Fair Credit Reporting Act?

FCRA is a federal law designed to promote the accuracy, fairness and privacy of consumer credit reports and information in the files of consumer reporting agencies ("CRAs").  The law, among other things, limits the persons or companies to whom CRAs may provide a consumer's credit report.  For example, creditors, insurers, employers and other persons or companies that use information in a consumer's credit report to evaluate his or her applications for credit, insurance, employment, or renting a home are among those that have a legal right to access a consumer's credit report.

 A company may obtain a consumer's credit information for a credit or insurance transaction that is not initiated by a consumer, but only if the company extends a firm offer of credit or insurance to the consumer.  Consumers who do not wish for their consumer reports to be obtained in connection with transactions not initiated by them may opt out of receiving prescreened offers.  To opt out of receiving prescreened offers, consumers must notify the CRAs that they do not consent to any use of their consumer report in connection with a transaction not initiated by them.  To opt out of receiving prescreened offers, consumers may call 1-888-567-8688 or visit www.optoutprescreen.com.

In addition, if a person or company uses information in a consumer's credit report to deny him or her credit, insurance or employment and/or to take other "adverse action" – a term defined in FCRA – against the consumer, the law, in some cases, provides that that person or company must (a) tell the consumer, (b) give the consumer the name, address and telephone number of the CRA that provided his or her credit report, and (c) inform the consumer of the right to obtain a free copy of his or her credit report from that CRA.

### 2.     What is a Credit Report?

A credit report contains personal information about a consumer, and his or her credit history.  Credit reports are collected and kept on file by CRAs.  A consumer has a credit report on file at a CRA if he or she has, among other things, ever applied for a credit or charge account, a personal loan, insurance, or a job.

### 3.     What information may be in a Credit Report?

A consumer credit report may contain the following information:

- The consumer's name, Social Security number, and birthdate;

- the consumer's current and former home and work addresses;

- how the consumer pays his or her bills, and whether he or she pays them on time;

- how much credit the consumer has available;

- whether and to whom the consumer has applied for credit or a loan;

- persons or entities who have obtained the consumer's credit report information;

- whether the consumer has been sued, arrested, or convicted of a crime; and

- whether the consumer has ever filed for bankruptcy, had his or her home foreclosed upon, or had a court judgment entered against him or her.

A person or company who receives a consumer's credit report may not necessarily review or use all of the information in it when making determinations or evaluations based on the report.

### 4.      What is a Consumer Reporting Agency?

A consumer reporting agency or CRA is a person or entity that, among other things, assembles and/or evaluates consumer credit reports and information.  Equifax, Experian and TransUnion are three of the largest nationwide CRAs.  CRAs may legally sell a consumer's credit report information to persons or companies that, under the law, have a valid right to obtain it.  Annually, over 2 billion credit reports are sold to businesses, so most American consumers have had their credit reports reviewed at some time.  However, every year only a small percentage of consumers ask for and receive copies of their own credit reports. That means many consumers who have important decisions made about them daily based on their credit reports have not reviewed those reports.

### 5.      What is a Credit Score?

A credit score is a numerical summary of a consumer's creditworthiness based on information in his or her credit report.  Companies and other persons use a variety of formulas to translate a consumer's credit information into a credit score.  Federal law allows companies and other persons to use credit information and scores to evaluate, among other things, whether to insure, employ, extend credit to, or rent a home to a consumer.

### 6.      Can a consumer obtain a copy of his or her Credit Report?

Yes.  Under FCRA, a consumer may request and obtain the information about him or her in the files of a CRA.  As part of such a request, a consumer generally will be required to provide proper identification, which may include his or her Social Security number.  In some cases, a consumer will be able to obtain his or her credit report for free and, in other cases, he or she may need to purchase it.  For more information on how a consumer may obtain a free copy of his or her credit report, please refer to Section 8 below.  To purchase a credit report, consumers may contact any one of the three nationwide CRAs: (a) Trans Union, 1-800-916-8800, www.transunion.com; (b) Equifax, 1-800-685-1111, www.equifax.com; and (c) Experian, 1-888-397-3742, www.experian.com.

### 7.      Can a consumer obtain a copy of his or her Credit Score?

Yes.  Under FCRA, a consumer has the right to ask a CRA for his or her credit score, but, in most cases, he or she will have to pay for it.  A credit score generally costs approximately $5.95, and is available from any one of the three nationwide CRAs.  A consumer is *not* entitled to his or her credit score as part of the free credit reports available under the circumstances described in Section 8 below.

### 8.      How can a consumer obtain a free copy of his or her Credit Report?

FCRA requires each of the three nationwide CRAs to provide a consumer with a free copy of his or her credit report, at the consumer's request, once every 12 months.  The three nationwide CRAs have set up a central website, a toll-free telephone number, and a mailing address through which consumers can order their free annual reports.  To order, consumers can (a) visit www.annualcreditreport.com, (b) call 1-877-322-8228, or (c) complete the Annual Credit Report Request Form available at www.ftc.gov/credit and mail it to: Annual Credit Report Request Service, P.O. Box 105281, Atlanta, GA  30348-5281.  For more information on how to obtain the annual free credit report, please refer to the Federal Trade Commission's ("FTC") brochure entitled "Your Access to Free Credit Reports" available at www.ftc.gov/bcp/conline/pubs/credit/freereports.htm.

In addition to the free annual report described above, some consumers may be entitled to an additional free copy of their credit report under the following circumstances:

- a person or company has denied the consumer credit, insurance or employment or otherwise taken "adverse action" – a term defined in FCRA – against the consumer based on information in his or her credit report;

- the consumer is the victim of identify theft and has placed a fraud alert on his or her credit file;

- the consumer's credit file contains inaccurate information as a result of fraud;

- the consumer is on public assistance; and/or

- the consumer is unemployed, but expects to apply for employment within 60 days.

For more information about the circumstances under which a consumer may be entitled to a free copy of his or her credit report, please visit www.ftc.gov/credit.

**9.      Why should a consumer review his or her Credit Report?**

A consumer should review his or her credit report to identify possible errors or identify theft.  Errors in a consumer's credit report can cost the consumer money.  For example, a credit report contains information that may affect whether a consumer can get a loan and, if so, how much he or she may have to pay to borrower the money.  If there are errors in a consumer's credit report, he or she may not be able to obtain the loan at all or may pay more for the loan than he or she would have in the absence of the errors.

The General Accounting Office of the United States Congress ("GAO") has stated that accurate credit reports are critical to the credit process – for consumers attempting to obtain credit and to lending institutions making decisions about extending credit. Similarly, the FTC has told consumers that, because businesses use credit report information to evaluate consumers' applications for credit, insurance, employment, and other reasons allowed by FCRA, it is important that the information in credit reports is complete and accurate.  Credit report errors can either help or hurt individual consumers, depending on the nature of the error and the consumer's personal circumstances.

Identity theft – a growing problem in the United States – occurs when someone uses a consumer's name, Social Security number, date of birth or other identifying information, without the consumer's authority, to commit fraud or other crimes.  For example, a person may commit identity theft by using a consumer's personal information to open a credit card account or get a loan in the consumer's name.  By reviewing their credit reports on a regular basis, consumers are in a better position to detect if they have been the victim of identity theft and take steps to protect themselves, their money, and their credit.

If there are errors in a consumer's credit report, only the consumer is in a position to discover them and take steps to correct them.  Some consumers think they have great credit and do not need to worry about errors, but are surprised to learn what is actually in their credit reports.  For example, a consumer credit report may show late payments that were actually made on time. Or it may not show positive information about a consumer's credit, such as accounts that the consumers has always paid on time.  On the other hand, a consumer's report may be completely accurate.  Unless a consumer checks his or her credit report, he or she may not know.  Since information in credit reports changes frequently, the FBI recommends that consumers check their credit reports twice a year.

**10.      How can errors in a Credit Report be corrected?**

Under FCRA, a consumer has the right to dispute inaccurate or incomplete information in his or her credit report.  Generally speaking, if a consumer identifies information in his or her credit report that is inaccurate or incomplete and reports it to a CRA in writing, the CRA must investigate the consumer's dispute unless it is frivolous.  This investigation includes contacting the source of the information that the consumer believes is incorrect or incomplete to obtain verification of the information.  If the CRA determines that the disputed information is inaccurate or incomplete or otherwise cannot verify its accuracy, then inaccurate, incomplete or unverifiable information must be removed from the consumer's credit report or corrected, usually within 30 days.  A CRA may continue to report information that it has verified as accurate, though the consumer may have the right to have it marked as disputed information.  No one can legally remove accurate negative information from a consumer's credit report.  For additional information about how to dispute or correct errors in a credit report, please visit www.ftc.gov/credit.

**11.      Where can a consumer get more information about FCRA?**

Additional information about FCRA may be obtained by (a) visiting www.ftc.gov, (b) writing to: Consumer Response Center, Room 130, Federal Trade Commission, 600 Pennsylvania Avenue, N.W., Washington, D.C. 20580, or (c) calling 1-877-FTC-HELP.

# EXHIBIT E



**E·LOAN**
*A better way to get a loan.*®

Mr. John S White   S501 3A
2122 Willow Oak Dr
Edgewater, FL 32141-3732

Dear Mr. White:

Congratulations, **you've been pre-qualified\*** to refinance and consolidate your debt. Now you can take advantage of lower monthly payments by eliminating high interest debt, consolidating your mortgage(s), credit cards, auto loans or other outstanding debt.

## Get More by Paying Less with E-LOAN

With E-LOAN®, even homeowners with less than perfect credit can receive great low rates and we never charge lender fees — saving you hundreds, even thousands, off the cost of your loan. E-LOAN also offers you free access to debt management information to help you take charge of your finances.

## Save Time, Save Money... We've Made it Easy

There is no obligation to apply and it only takes a few minutes to see how much money **you could be saving every month!** Call one of our professional loan consultants now at **1-800-657-7858** or apply online at **www.eloan.com/savemore.**

Sincerely,

Bob Krogh
Director, Consumer Lending

P.S. Hurry, this pre-qualified\* offer expires March 15, 2005!

See reverse side for important information

S501A

- **Pay Less**
- **Reduce Your Debt**
- **Get Cash Fast!**

*"My credit union denied me and another lender tried to have me pay higher fees - Thanks E-LOAN for giving me no fees and a low rate too!"*

*Alec M., California*

**1-800-657-7858**
**www.eloan.com/savemore**

8 am to 12 midnight EST   5 am to 9 pm PST

50926act1B1

* You are pre-qualified for a first mortgage refinance loan of up to $25,000 subject to the following terms: We used information on you that was obtained from a consumer-reporting agency in conjunction with this offer. You were selected to receive this offer because you satisfied certain basic criteria for credit worthiness, which we previously established. The offered credit may not be extended if, after you respond to this offer we determine that you do not meet the criteria used to select you for the offer, based on information from your credit report, your application, or other sources, or if you do not provide acceptable collateral. The availability and amount of your loan depends on the value of your property, your income and other conditions. You have the right to prohibit the use of information in your credit file with any credit reporting agency in connection with any transaction you did not initiate, such as this offer, by notifying: Equifax Options, P.O. Box 740123, Atlanta, GA 30374-0123; Experian - P.O. Box 919 Allen, TX 75013; or TransUnion – OptOut P.O. Box 97328 Jackson, MS 39288-7329, or calling 1-888-567-8688. Offer expires February 28, 2005.

E-LOAN, Inc., 6230 Stoneridge Mall Road, Pleasanton, CA 94588. AZ License #BK-0903794, BKBR-0103026; Licensed by the Dept. of Corporations under the CA Residential Mortgage Lending Act; GA & IL Residential Mortgage Licensee; KS Licensed Mortgage Co. #SL 2000-4045; MA Mortgage Lender License #MC1470; Licensed by the NH Banking Dept., the NJ Dept. of Banking and Insurance, and the PA Dept. of Banking; Licensed Mortgage Banker/NYS Banking Dept.; OH #MB 4538 & MB 4342; See www.eloan.com for a list of our other licenses. Not an offer to enter into a lock-in agreement. An offer may only be made in writing. This advertisement is for first mortgage loans. Consolidating your debts may increase the time and/or the total amount needed to repay your debt. All rates vary depending on loan product, are subject to credit approval, and are subject to change at any time without notice. E-LOAN is an equal housing lender.

# EXHIBIT F



**A better way to get a loan.**

## You Are Pre-Qualified*
## Get Up To $25,000

# 1-800-657-7857
**www.eloan.com/more**

Mr. John Q Sample  5501 1B
123 E Main Street Apt 123
City, ST 99999

Dear Mr. Sample:

Now you can access **up to $25,000 or more, with a low rate and no lender's fees** by refinancing your home with E-LOAN®. By consolidating your debt you can take advantage of lower monthly payments and get up to $25,000* - it's the smartest financial move you can make!

## E-LOAN Offers You More
You can refinance and access cash quickly, easily and at a lower rate with no lender fees — even if you've been turned down by other lenders in the past. Refinancing is a better alternative than high rate credit cards and other loans. E-LOAN offers you:

- No application fees
- No lender "junk" fees
- Free credit score**

- Free online credit information
- Free home valuation tools
- Programs for all credit types

## Special $350 Free Appraisal Offer
Act now to receive credit toward your appraisal fee when you obtain a loan from us. Apply by phone or online before March 15, 2005 and mention code **"MORE"** to receive a FREE appraisal rebate at closing valued at $350!*** It's the smartest financial move you can change things right this minute.

## Apply Now
Apply today with E-LOAN to lower your monthly payments and get the cash you need to pay off your debt. Call 1-800-657-7857 or apply online at www.eloan.com/more.

Sincerely,

Bob Krogh
Director, Consumer Lending

**P.S. Hurry, this offer expires March 15, 2005. Don't forget to mention code "MORE" for your FREE appraisal rebate!**

EW000011

See reverse side for important information

5501B

181act A1

* You are pre-qualified for a first mortgage refinance loan of up to $25,000, subject to the following terms: We used information on you that was obtained from a consumer-reporting agency in conjunction with this offer. You were selected to receive this offer because you satisfied certain basic criteria for credit worthiness, which we previously established. The offered credit may not be extended if, after you respond to this offer we determine that you do not meet the criteria used to select you for the offer, based on information from your credit report, your application, or other sources, or if you do not provide acceptable collateral. The availability and amount of your loan depends on the value of your property, your income and other conditions. ** Credit score provided by CreditXpert and differs from score used to evaluate your loan application. ***Appraisal fee is normally $350 on owner-occu-pied dwellings; credit limited to $350, and is available only if a recipient of this offer obtains a refinance loan in response to this offer. You have the right to prohibit the use of informa-tion in your credit file with any credit reporting agency in connection with any transaction you did not initiate, such as this offer, by notifying: Equifax Options, P.O. Box 740123, Atlanta, GA 30374-0123; Experian - P.O. Box 919 Allen, TX 75013; or TransUnion – OptOut P.O. Box 97328 Jackson, MS 39288-7329, or calling 1-888-567-8688. Offer expires March 15, 2005.

E-LOAN, Inc., 6230 Stoneridge Mall Road, Pleasanton, CA 94588. AZ License #BK-0903794, BKBR-0103026; Licensed by the Dept. of Corporations under the CA Residential Mortgage Lending Act; GA & IL Residential Mortgage Licensee; KS Licensed Mortgage Co. #SL 2000-4045; MA Mortgage Lender License #MC1470; Licensed by the NH Banking Dept., the NJ Dept. of Banking and Insurance, and the PA Dept. of Banking; Licensed Mortgage Banker/NYS Banking Dept.; OH #MB 4538 & MB 4342; See www.eloan.com for a list of our other licenses. Not an offer to enter into a lock-in agreement.  An offer may only be made in writing.  This advertisement is for first mortgage loans. Consolidating your debts may increase the time and/or the total amount needed to repay your debt. All rates vary depending on loan product, are subject to credit approval, and are subject to change at any time without notice. E-LOAN is an equal housing lender.

EW000012