1 | **GAIL KILLEFER, ESQ.**
(California Bar No. 157248)
2 | 417 Montgomery Street, Suite 300
San Francisco, CA 94104
3 | Telephone: (415) 362-8640
Facsimile: (415) 383-8545
4 | Email: gkillefer@aol.com

Rena Su-Ling Chng
(California Bar No. 209665)
**MAYER BROWN ROWE & MAW, LLP**
Two Palo Alto Square, Suite 300
Palo Alto, CA 94306
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

5 | Terry Smiljanich
6 | (Florida Bar No. 145359)
Jill Bowman
7 | (Florida Bar No. 057304)
**JAMES HOYER NEWCOMER**
8 | **& SMILJANICH, P.A.**
4830 West Kennedy Boulevard, Suite 550
9 | Tampa, FL 33609
Telephone: (813) 286-4100
10 | Facsimile: (813) 286-4174

Victoria R. Collado
(appearance pro hac vice)
**MAYER BROWN ROWE & MAW, LLP**
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
Facsimile: (312) 701-7011

Attorneys for Defendant

11 | Douglas Bowdoin
12 | (Florida Bar No. 310360)
(appearance pro hac vice)
13 | **DOUGLAS BOWDOIN, P.A.**
255 South Orange Avenue, Suite 800
14 | Orlando, FL 32801
Telephone: (407) 422-0025
15 | Facsimile: (407) 843-2448

16 | Attorneys for Plaintiffs

17 |
18 |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 19 | JOHN S. WHITE, ) | CASE NO.: C-05-02080 SI |
| | on behalf of himself and those ) | |
| 20 | similarly situated, ) | **CLASS ACTION** |
| 21 | ) Plaintiff, ) | |
| 22 | ) v. ) | |
| 23 | ) E-LOAN, INC., and ) | |
| 24 | DOES 1 through 10, inclusive, ) | |
| 25 | ) Defendants. ) | |

26 |
27 |
28 |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT,
PROVISIONALLY APPROVING CLASS FOR SETTLEMENT PURPOSES,
AND WITH RESPECT TO CLASS NOTICE,
COURT APPROVAL HEARING AND ADMINISTRATION**

| | |
|---|---|
| 1 | These matters having come before the Court upon the Motion of Plaintiff, John S. White, |
| 2 | individually and on behalf of a class of persons, for preliminary approval of a settlement reached between |
| 3 | the Parties, and upon consideration of the Parties' Settlement Agreement dated on or before November |
| 4 | 17, 2006 (the "Settlement Agreement"), and the exhibits thereto, IT IS HEREBY ORDERED AS |
| 5 | FOLLOWS: |

1.     The Settlement Agreement is hereby incorporated by reference in this Order as if fully set forth herein. Capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning as in the Settlement Agreement.

2.     Solely for the purpose of settlement in accordance with the Settlement Agreement, and pursuant to Fed. R. Civ. P. 23(a) and (b)(3), this Court hereby provisionally approves the following settlement class ("Settlement Class"):

> All individuals throughout the United States whose credit report information was obtained or used by E-Loan, Inc. ("E-Loan"), in connection with a credit transaction not initiated by them, and who received a mailer from E-Loan designated as the S501-A mailing or as the S501-B mailing.

If, for any reason, the Settlement is not approved or does not become effective, this provisional approval shall be null and void, and shall not be used or referred to for any purpose in this Action or any other action or proceeding.

3.     For settlement purposes only, and subject to further consideration at the Court Approval Hearing described in paragraph 12 below, the Settlement Class is found to meet the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3).

4.     For settlement purposes only, and after considering the relevant factors in Fed. R. Civ. P. 23, the Representative Plaintiff is conditionally designated as the representative of the Settlement Class and Class Counsel are conditionally appointed as counsel for the Settlement Class. The law firms and attorneys conditionally representing the Settlement Class are:

1   Terry A. Smiljanich
    Jill H. Bowman
2   JAMES, HOYER, NEWCOMER & SMILJANICH, P.A.
    One Urban Centre, Suite 550
3   4830 West Kennedy Boulevard
    Tampa, FL 33609-2589
4
    GAIL KILLEFER
5   417 Montgomery Street, Suite 300
    San Francisco, CA 94104
6
7   Douglas Bowdoin
    DOUGLAS BOWDOIN, P.A.
8   255 South Orange Avenue, Suite 800
    Orlando, FL 32801
9

10      5.      Pursuant to Fed R. Civ. P. 23, the terms of the Settlement Agreement, and the Settlement

11  provided for therein, are preliminarily approved as (a) fair, reasonable, and adequate in light of the

12  relevant factual, legal, practical, and procedural considerations of the Action, (b) free of collusion to the

13  detriment of Class Members, and (c) within the range of possible final judicial approval, subject to further

14  consideration thereof at the Court Approval Hearing described at paragraph 12 of this Order.

15  Accordingly, the Settlement Agreement and the Settlement are sufficient to warrant notice thereof, as set

16  forth below, and a full hearing on the Settlement.

17      6.      Pursuant to the terms of the Settlement Agreement, Defendant is hereby directed to

18  prepare the Class Member List within ten (10) business days after the (a) Preliminary Approval Date or

19  (b) November 20, 2006, whichever comes later.  Within twenty (20) business days after the completion of

20  the Class Member List, and pursuant to the procedures detailed in the Settlement Agreement, Defendant

21  shall provide notice of the Settlement and of the Court Approval Hearing to each Class Member on the

22  Class Member List by mailing to the address for the Class Member on the Class Member List, as updated

23  through the NCOA database, a copy of the Class Notice, substantially in the form attached to the

24  Settlement Agreement as Exhibit B, together with a copy of the Claim Form, substantially in the form

25  attached to the Settlement Agreement as Exhibit C.  Class Counsel and Counsel for the Defendant shall

26  revise the Class Notice and Claim Form to make the Class Notice and Claim Form consistent with this

27
28

1  Order. The Settlement Administrator shall have discretion to format the Class Notice, Claim Form, and

2  Class Brochure before mailing, with the consent of Class Counsel.

3      7.      If any Class Notice mailed pursuant to the Settlement Agreement and paragraph 6 above

4  is returned by the United States Postal Service as undeliverable, then Defendant shall re-mail the Class

5  Notice, together with the Claim Form, to the forwarding address, if any, provided on the face of the

6  returned mail. If the returned mail does not reflect a forwarding address, then Defendant shall have no

7  other obligation to re-mail the Class Notice and Claim Form.

8      8.      The Court finds that the Settlement Agreement's plan for class notice is the best notice

9  practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23.

10  That plan is approved and accepted. This Court further finds that the Class Notice and Claim Form

11  comply with Fed. R. Civ. P. 23 and are appropriate as part of the notice plan and the Settlement, and thus

12  they are hereby approved and adopted. This Court further finds that no other notice other than that

13  identified in the Settlement Agreement is reasonably necessary in this Action.

14

15      9.      Any Class Member who wishes to be excluded from the Settlement Class and not be

16  bound by the Settlement Agreement must complete and mail a request for exclusion ("Opt-Out") to the

17  Settlement Administrator postmarked no later than **February 15, 2007**. For a Class Member's Opt-Out

18  to be valid, it must be timely (as judged by the postmark deadline set forth above) and (a) state the Class

19  Member's full name, address, and telephone number; (b) contain the Class Member's original signature(s)

20  (conformed, reproduced, facsimile, or other non-original signatures are not valid); and (c) unequivocally

21  state the Class Member's intent to be excluded from the Settlement Class, to be excluded from the

22  Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement.

23  Any Class Member who does not submit a timely Opt-Out, and otherwise comply with all requirements

24  for requesting exclusion from the Settlement Class as set forth above and in the Class Notice, shall be

25  bound by the Settlement Agreement, including the Release, as embodied in paragraphs 4.01, 4.02, and

26  4.03 of the Settlement Agreement, and any Final Judgment entered in the Action. Further, any Class

27

28

1 Member who is a Successful Opt-Out will be deemed to have waived any rights or benefits under the

2 Settlement, and will have no standing to object to the Settlement or to seek to intervene in the Action.

3     10.    On or before the date of the Court Approval Hearing, Class Counsel and Counsel for the

4 Defendant shall create and file with the Court a comprehensive list of Successful Opt-Outs.

5     11.    Any Class Member who is not a Successful Opt-Out and who wishes to object to the

6 Settlement, in whole or in part, must file a written objection to the Settlement or Settlement Agreement

7 ("Objection") with the Court, and contemporaneously serve it upon Class Counsel and Counsel for the

8 Defendant, no later than February 20, 2007. To be considered valid, each Objection must be timely (as

9 judged by the filing deadline set forth above) and (a) set forth the Class Member's full name, current

10 address, and telephone number; (b) contain the Class Member's original signature (conformed,

11 reproduced, facsimile, or other non-original signatures will not be valid); (c) state that the Class Member

12 objects to the Settlement, in whole or in part; (d) set forth a statement of the legal and factual basis for the

13 Objection; and (e) provide copies of any evidence or documents that the Class Member wishes to submit

14 in support of his/her position. Any Class Member who does not submit a timely and valid Objection in

15 complete accordance with this Order, the Class Notice, and the Settlement Agreement shall not be treated

16 as having filed a valid Objection to the Settlement. Objections that are untimely and/or otherwise invalid

17 will not be considered by this Court.

18     12.    A hearing (the "Court Approval Hearing") shall be held before the undersigned at

19 9:00 a.m., on March 2, 2007, in the United States District Court for the Northern District of California, to

20 determine, among other things, (a) whether the proposed Settlement should be approved as fair,

21 reasonable, and adequate, (b) whether the Action should be dismissed with prejudice pursuant to the

22 terms of the Settlement Agreement, (c) whether Class Members should be bound by the Release set forth

23 in the Settlement Agreement, (d) whether Class Members should be subject to a permanent injunction

24 that, among other things, bars Class Members from filing, commencing, prosecuting, intervening in, or

25 participating in (as class members or otherwise), any lawsuit, claim, demand or proceeding in any

26 jurisdiction that is based on or related to, directly or indirectly, matters within the scope of the Release,

(e) whether the Settlement Class should be finally certified, (f) the amount of attorneys' fees and costs to be awarded to Class Counsel, if any, and (g) the amount of the award to be awarded to Plaintiff for her services as class representative, if any. This hearing may be postponed, adjourned, or continued by order of the Court without further written notice to the Settlement Class.

13.     Memoranda in support of the Settlement and **applications for an Attorney Fee/Litigation Cost Award** shall be filed with the Court no later than **February 2, 2007**. Supplemental memoranda in support of the Settlement and applications for an Attorney Fee/Litigation Cost Award may be filed with the Court no later than **February 26, 2007**.

14.     Any Class Member who wishes to **appear** at the Court Approval Hearing, whether *pro se* or through counsel, must file a notice of appearance in the Action, and contemporaneously serve the notice on Class Counsel and Counsel for the Defendant, on or before **February 20, 2007**. No Class Member shall be permitted to raise matters at the Court Approval Hearing that the Class Member could have raised in an Objection, but failed to do so. Any Class Member who fails to comply with this Order, the Class Notice, and/or the Settlement Agreement shall be barred from appearing at the Court Approval Hearing.

15.     Any Class Member who wishes to **intervene** in the Action or seek other relief from the Court must file with the Court, and contemporaneously serve on Class Counsel and Counsel for the Defendant, an appropriate motion or application, together with·all supporting pleadings or documentation, on or before **February 20, 2007**.

16.     The postmark deadline for the submission of **Valid Claim Forms** shall be **April 2, 2007**. The validity of Claim Forms otherwise shall be governed by the terms stated in the Settlement Agreement.

17.     All other events contemplated by the Settlement Agreement to occur after this Order and before the Court Approval Hearing shall be governed by the Settlement Agreement, to the extent not inconsistent herewith.

18.    The Parties are hereby authorized to establish the means necessary to administer the Settlement.

19.    All proceedings in the Action, other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

20.    If Final Approval of the Settlement is not achieved, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the Parties to the Action, and all Orders issued pursuant to the Settlement shall be vacated. In such an event, the Settlement and all negotiations concerning it shall not be used or referred to in this Action for any purpose whatsoever. This Order shall be of no force or effect if Final Approval does not occur for any reason, and nothing in this Order shall be construed or used as an admission, concession, or declaration by or against Defendant, of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed by or against Representative Plaintiff or the Class Members that their claims lack merit or that the relief requested in this Action is inappropriate, improper, or unavailable, or as a waiver by any Party of any defenses it may have. Nor shall this Order be construed or used to show that certification of one or more classes would or would not be appropriate if this Action was to be litigated rather than settled.

21.    Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action; or of any wrongdoing, liability, or violation of law by Defendant, which vigorously denies all of the claims and allegations raised in the Action.

22.    The Court reserves the right to approve the Settlement with such modifications, if any, as may be agreed to by Class Counsel and Counsel for the Defendant and without future notice to the Class Members.

23.    No Class Member, or any other person acting on behalf of or in concert with a Class Member, may exclude any other Class Member from the Settlement Class. All Class Members who have

not timely and validly excluded themselves from the Settlement Class and all persons acting on behalf of or in concert with any such Class Members are hereby preliminarily enjoined from, directly or indirectly: (i) commencing, prosecuting, participating in (as a class member or otherwise), and/or assisting in any lawsuit or other proceeding against Defendant that asserts or purports to assert claims that (a) were asserted, attempted to be asserted, or could have been asserted in the Action, and/or (b) are within the scope of the Release, as embodied in paragraphs 4.01, 4.02, and 4.03 of the Settlement Agreement; and (ii) organizing or soliciting Class Members or opt-outs into a separate class for purposes of pursuing, as a purported class action, a lawsuit or other proceeding on behalf of Class Members or opt-outs that asserts or purports to assert claims that (a) were asserted, attempted to be asserted, or could have been asserted in the Action, and/or (b) are within the scope of the Release, as embodied in paragraphs 4.01, 4.02, and 4.03 of the Settlement Agreement.

24.     Except as set forth in this Order and the Settlement Agreement, no person or entity, including but not limited to Plaintiff's Counsel, Counsel for the Defendant, Representative Plaintiff, or Defendant, shall be permitted to initiate communications with Class Members, whether by written correspondence, notices, advertisements, Internet postings, or other media, concerning the Settlement or its terms without prior approval from the Court upon prior notice to Class Counsel and Counsel for the Defendant.

25.     Except as set forth in this Order and the Settlement Agreement, the Parties (and Plaintiff's Counsel and Counsel for the Defendant) shall not issue any public, mass, or generalized communications about the Settlement (other than disclosures required by law), whether by press release or any other means, without prior approval of the Court and/or the express written consent of the other Party.

Dated _____12/5/06_____

San Francisco, CA

Hon. Susan Illston
U.S. District Court Judge