
GAIL KILLEFER, ESQ. (SBN 157248)
417 Montgomery Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 362-8640
Facsimile: (415) 383-8545
gkillefer@aol.com

JAMES, HOYER NEWCOMER & SMILJANICH
Terry Smiljanich (FBN 145359)
Jill Bowman (FBN 057304)
4839 West Kenney Blvd., Suite 550
Tampa, FL 33609
Telephone: (813) 286-4100
Facsimile: (813) 286-4174

Attorneys for Plaintiffs


MAYER, BROWN, ROWE & MAW LLP
Lee H. Rubin (SBN 141331)
Rena Chng (SBN 209665)
Two Palo Alto Square, Suite 300
Palo Alto, CA 94306
Telephone: (650) 331-2000
Facsimile: (650) 331-2060
lrubin@mayerbrownrowe.com

MAYER, BROWN, ROWE & MAW LLP
Victoria R. Collado (admitted *pro hac vice*)
James C. Schroeder (admitted *pro hac vice*)
Jeffrey A. Berger (admitted *pro hac vice*)
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
Facsimile: (312) 701-7011
vcollado@mayerbrownrowe.com

Attorneys for Defendant E-LOAN, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN S. WHITE, on behalf of himself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>E-LOAN, INC., and DOES 1 through 10, Inclusive,<br><br>Defendant. | Case No. C-05-02080 (SI)<br><br>**[PROPOSED] ORDER OF FINAL APPROVAL OF SETTLEMENT AND JUDGMENT** |

1  The Motion for Final Approval of Settlement and for Final Judgment, and Incorporated Memorandum of Law came on for hearing on May 11, 2007. The Settlement Agreement (the "Settlement Agreement") between Plaintiff and Defendant filed in this Action on November 17, 2006, is hereby incorporated by reference into this Order of Final Approval of Settlement and Judgment ("Order"), and is hereby adopted by this Court. Capitalized terms in this Order shall, unless otherwise defined, have the same meaning as in the Settlement Agreement. Being fully advised in the premises, the Court hereby finds and orders that:

1. On December 5, 2006, this Court entered an Order ("Preliminary Approval Order") preliminarily approving the Settlement reached between Plaintiff, John S. White ("White"), and Defendant, E-Loan, Inc. ("E-Loan"). The Court preliminarily approved the Settlement, approved a form of Class Notice, authorized the mailing of such Class Notice, along with a Claim Form, and ruled that such Notice complies with the terms of the Settlement Agreement and due process.

2. The Court scheduled Final Approval Hearings for March 2, 2007, and May 11, 2007.

3. Having conducted those hearings, the Court finds that in accordance with the terms of the Settlement Agreement and the Preliminary Approval Order, the Parties caused notice of the Settlement and the March 2, 2007, Final Approval Hearing to be mailed on January 16, 2007, to 199,999 individuals identified as members of the Class.

4. The United States Postal Service returned 8,222 of the Class Notices as "undeliverable" with no forwarding address, thus ending the Parties' responsibilities for mailing Notice to those particular Class Members. A total of 597 Class Notices were returned with forwarding addresses and were re-mailed to those forwarding addresses.

5. Valid Claim Forms for the Settlement Benefit were submitted by 9,974 Class Members, and 3,957 Class Members did not request a Credit Report and Credit Score, choosing instead to receive only the Settlement Check.

6. A total of 35 Class Members requested exclusion from the Settlement Agreement in compliance with the terms of the Settlement Agreement and the directions in the Class Notice.

7. On March 2, 2007, and May 11, 2007, the Court held Final Approval Hearings to which Class Members (including those with Objections) and appropriate state and federal officials were invited. The Court received Objections from two (2) Class Members and no Class Member filed a motion or application seeking to intervene. No Class Members, or their counsel, appeared in person at the Final Approval Hearings to offer argument about the Settlement. One Class Member who objected to the Settlement participated in the March 2, 2007, Final Approval Hearing telephonically. No appropriate state or federal officials, as those terms are defined by 28 U.S.C. § 1715, appeared at the Final Approval Hearings.

8. The Court, being fully advised and having afforded Class Members an opportunity to object, hereby finds: (i) that the Class Settlement is appropriate under Fed. R. Civ. P. 23; (ii) the Class Notice sent to Class Members satisfies the requirements of Fed. R. Civ. P. 23 and due process; and (iii) the Parties have fully complied with the Court's Preliminary Approval Order.

9. Solely for the purpose of settlement and pursuant to Fed. R. Civ. P. 23(a) and (b)(3) of the Federal Rules of Civil Procedure, this Court finally certifies the following settlement class ("Settlement Class"):

> All individuals throughout the United States whose credit report information was obtained or used by E-Loan, Inc. ("E-Loan"), in connection with a credit transaction not initiated by them, and who received a mailer from E-Loan designated as the S501-A mailing or as the S501-B mailing.

If, for any reason, the events in paragraph 19 of this Order occur, then (a) this final approval of the Settlement Class shall be null and void, and shall not be used or referred to for any purpose in this Action or any other action or proceeding, and (b) this Court's August 18, 2006, Order Granting Plaintiff's Motion for Class Certification shall remain in full force and effect until further order of the Court.

10. The Court finds the Settlement Agreement and the Settlement to be fair, reasonable, and adequate, and made in good faith. The Court orders the Parties to perform their obligations pursuant to the Agreement.

11. The Court hereby approves the Settlement Agreement. Defendant shall:

    a. Pay a Settlement Check in the amount of twenty dollars ($20.00) to each

        Class Member who submitted a Valid Claim Form;

    b. Cause to be provided a copy of the Class Member's Credit Report and Credit Score to each Class Member who submitted a Valid Claim Form and who did not decline to receive a Credit Report and Credit Score;

    c. Pay Class Counsel attorneys' fees and costs in the amount of seven hundred fifty thousand dollars ($750,000.00).

  12. Any Objections that were filed, timely or otherwise, have been considered and are overruled. All Class Members who have not opted out of the Settlement are bound by this Final Judgment and Order and are bound by the terms of the Settlement Agreement, including but not limited to its Release provisions, as described in paragraphs 4.01 and 4.02 of the Settlement Agreement, except as modified by paragraph 14 of this Order.

  13. Plaintiff White and all Class Members (as defined in the Settlement Agreement) hereby release E-Loan and each and every Released Person from all released claims as defined in paragraphs 4.01 and 4.02 of the Settlement Agreement, except as modified by paragraph 14 of this Order.

  14. By agreement of the Parties, the language "the government as parens patriae" is stricken from the release in paragraph 4.01 of the Settlement Agreement. In striking this language, the Parties do not concede that any state Attorney General could sue on behalf of Class Members for the claims released in the Settlement Agreement. The Parties further clarify that the Credit Report and Credit Score referenced in paragraph 4.01(e) of the Settlement Agreement refers to the Credit Report and Credit Score that can be obtained pursuant to paragraph 3.03 of the Settlement Agreement.

  15. The Court dismisses the claims of Plaintiff and the Class Members against E-Loan and the Released Persons with prejudice and without costs (other than what has been provided for in the Agreement).

  16. As indicated by the Notice filed by E-Loan with the Court on April 26, 2007, the Parties sent the notice required by 28 U.S.C. § 1715(b) to the appropriate state and federal officials, as defined by 28 U.S.C. § 1715(a). This Court is entering this Final Judgment more than ninety

1  days after the appropriate state and federal officials were served with the notice, as is required by
2  28 U.S.C. § 1715(d). No state or federal official notified pursuant to 28 U.S.C. § 1715(b) objected
3  to the Settlement.

4    17.    Plaintiff and all Class Members are permanently enjoined and barred from commencing, prosecuting, or continuing any action asserting any of the released claims, as described in paragraphs 4.01 and 4.02 of the Settlement Agreement (except as modified by paragraph 14 of this Order) against E-Loan and Released Persons either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located. Any person or entity who knowingly violates this injunction may be subject to an order requiring that person or entity to pay the costs and attorneys' fees incurred by E-Loan or other Released Persons as a result of the violation.

13    18.    The Court shall retain continuing jurisdiction over this Action, the Parties, and all Class Members to determine all matters relating in any way to the Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to their administration, implementation, interpretation, or enforcement.

17    19.    In the event that (i) the Settlement Agreement is terminated pursuant to its terms; or (ii) the Settlement Agreement, Preliminary Approval Order, and Final Judgment and Order are reversed, vacated, or modified in any material respect by this or any other court, then (a) all orders entered pursuant to the Settlement Agreement shall be vacated, including this Order; (b) the Action shall proceed as though a Settlement Agreement had never been reached; (c) no reference to the prior Settlement Agreement, or any documents related thereto, shall be made for any purpose; (d) nothing in this Order shall be construed or used as an admission, concession, or declaration by or against Defendant, of any fault, wrongdoing, breach, or liability; (e) nor shall this Order be construed by or against Representative Plaintiff or the Class Members that their claims lack merit or that the relief requested in this Action is inappropriate, improper, or unavailable, or as a waiver by any Party of any defenses it may have; (f) nor shall this Order be construed or used to show that certification of one or more classes would or would not be appropriate if this Action was to be

litigated rather than settled; *provided*, however, that if the Parties to the Settlement Agreement agree to appeal jointly an adverse ruling and the Settlement Agreement and Final Judgment and Order are upheld on appeal in all material respects, then the Settlement Agreement and Final Judgment and Order shall be given full force and effect. In the event of (i) or (ii) in this Paragraph, all Parties reserve all of their rights existing prior to the execution of the Settlement Agreement, and the doctrines of res judicata and collateral estoppel shall not be applied.

20. Neither the Settlement Agreement, this Final Judgment and Order, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, or the Final Judgment and Order), negotiations, or proceedings relating in any way to the Settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind of any person, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or court order.

Dated _____    _____
                                Susan Illston
                                United States District Judge